THE STATE *v.* WISE.

Ferries, being established by the county commissioners, and not by direct public enactment of the legislature, their existence, in any particular instance, is a fact to be proved, and can not be judicially noticed by the Court.

Prosecution against *A.* for hiring a boat, to be used in ferrying persons over a certain stream, &c. Neither the affidavit nor information alleged that any public ferries were established on said stream. *Held,* that the affidavit and information were bad.

An information can only be amended in matter of substance, when there is an affidavit on file which is substantially sufficient.

APPEAL from the *Pike* Court of Common Pleas.

PERKINS, J.—Prosecution for keeping an unlicensed ferry, instituted upon an affidavit as follows:

"*Joseph P. Glizer* being duly sworn, says, that at the *June* term of the commissioners' Court, 1854, and up to the present time, *John Wise* failed and neglected to take out license to keep a ferry across *White River*, on the road leading from *Washington* to *Pittsburg*, and that for reward the said *Wise* has hired a ferry-boat to some person unknown, to be used in crossing persons across said stream, contrary to law, as affiant believes." Signed and sworn to.

An information was filed upon the affidavit.

The defendant appeared and moved to quash the information, for the reason that it did not allege that *White River* was a stream upon which public ferries were established. The Court sustained the motion, and would not allow the state to amend the information in that particular, because it would be extending its allegations beyond those in the affidavit.

These facts present the questions for decision.

By the 1 R. S., p. 295, county commissioners are authorized to establish ferries; and by the 2 R. S., sec. 24, p. 434, "if any person other than a ferry-keeper, licensed according to law, shall, for reward, or any expectation or promise thereof, set any person over any stream whereon public ferries are established, or shall hire to any person a boat to be used in ferrying at any place within two miles of such public ferry, such person," &c., "shall be fined," &c.

May Term,
1856.
—————

MULHOLLIN
v.
THE STATE.

Ferries, being established by county commissioners, and not by a direct public enactment of the legislature, their existence, in any given instance, is a fact to be proved, and not to be judicially noticed by the Court. Hence, under the statute above quoted, the information, and the affidavit, should have averred the existence of such ferry or ferries on *White River*, in order to show an offence. As to the right to amend, section 25, 2 R. S., p. 364, authorizes "an information to be amended in matter of substance or form;" but this we think must be in a case where there is a substantially sufficient affidavit on file.

We think the decision below was right, and should be affirmed.

*Per Curiam.*—The judgment is affirmed with costs.

*B. M. Thomas* and *H. S. Cauthorn*, for the state.