ROSENCRANZ *v.* CITY OF EVANSVILLE ET AL.

[No. 24,441.   Filed April 24, 1924.]

1. EVIDENCE.—*Judicial   Notice.—Population   of   Cities.*—The courts will take judicial notice that Acts 1923 p. 82 purporting to authorize the creation of port cities in cities having more than 85,000 and less than 86,000 inhabitants, was applicable only to the city of Evansville.   p. 501.

2. STATUTES.—*Constitutionality.—Applicable to Certain Cities.— Designation by Narrow Limits of Population.*—A statute designating a certain city by specifying a narrow limitation to the population of cities to which the act is applicable, without any substantial distinction which will justify the limitation, and which makes it absolutely certain that but one city will come within the classification, is a special and local law within the provisions of §17, Art. 4, of the Constitution, because it is merely a subterfuge to avoid the constitutional prohibition against special legislation.   p. 502.

3. STATUTES.—*Constitutionality.—General   or   Special.—Judicial Question.*—Whether a law, general in form, is, in fact, general or special depends on its subject-matter, and not on the form given it, and though general in form, if, on judicial investigation, it is found to be special, the courts will so declare it, the question being a judicial one.   p. 502.

4. STATUTES.—*Constitutionality.—Special   Act.—Limited   to   One City.*—The act of 1923 (Acts 1923 p. 82) purporting to authorize the creation of "port cities" in cities having more than 85,000 and less than 86,000 inhabitants, being applicable only to the city of Evansville, there being no substantial distinction to justify such classification, is a special and not a general act.   p. 502.

5. MUNICIPAL CORPORATIONS.—*Statute Creating.—Form of.—* o particular form of words is necessary to create a municipal corporation, and, if an act confers special powers and privileges on the residents of a particular district, which cannot be exercised and enjoyed, and the purpose of the law carried into effect, without their acting in a corporate capacity, a corporation, to that extent, is created by implication.   p. 504.

6. MUNICIPAL   CORPORATIONS.—*Creation.—Statute.—Legislative Intent.—Judicial Question.*—Whether a statute creates a corporation is a question as to the intent of the legislature, and such intent can be shown by implication as well as if expressly stated, but where there are no words in the act itself expressly stating that the entity created is a corporation, the question whether or not it is a corporation becomes a judicial one.  p. 505.

7. STATUTES.—*Creating a "Port City".*—*Validity.*—The act of 1923, (Acts 1923 p. 82), authorizing the creation of the "port city" of Evansville, was unconstitutional and void because it was an attempt to create a municipal corporation by special act in violation of Art. 11, §13, of the Constitution.   p. 505.

8. STATUTES.—*Revenue Raising Act.*—*Must Originate in House.* —*Application.*—The act of 1923 (Acts 1923 p. 82), authorizing the creation of the "port city" of Evansville was not a revenue raising act within the constitutional provision requiring all bills for raising revenue to originate in the house of representatves (§113 Burns 1914), taxation being only incidental to its real purpose.   p. 505.

9. STATUTES.—*Act Creating "Port City" of Evansville.*—*Validity as a Special Law.*—The act of 1923 (Acts 1923 p. 82), authorizing the creation of the "port city" of Evansville did not come within any one of the seventeen particular instances enumerated in Art. 4, §2, of the Constitution, and, therefore, was not invalid under that section of the Constitution though special.   p. 505.

From Vanderburgh Probate Court; *Elmer Q. Lockyear,* Judge.

Action by Richard Rosencranz against the city of Evansville and others.   From a judgment for defendants, the plaintiff appeals.   *Reversed.*

*O. W. McGinnis* and *Richard Waller,* for appellant.
*John R. Brill, James T. Walker, Henry B. Walker* and *Forrest M. Condit,* for appellees.

TRAVIS, J.—This is an action to test the validity of chapter 26, Acts 1923 p. 82, authorizing the creation of the port city of Evansville.   The action was instituted by appellant to enjoin the appellees from borrowing money and issuing bonds therefor, and from levying taxes by virtue of the powers conferred by the act.   The questions to be decided are based upon the action of the trial court in sustaining appellees' demurrer to the second amended complaint of appellant.   The propositions made by appellant for consideration, and denied by the appellees, are:   (a) the act in question is unconstitutional because it is a special act and in violation

of §§22 and 23, Art. 4, of the Constitution; (b) that the act is unconstitutional being in violation of §17, Art. 4, Constitution, in that it is a bill for raising revenue and originated in the Senate.

On its face, the act pretends to be general. The court judicially knows that it applies only to the city of Evansville. It may be well to consider whether

1. or not this act can ever apply to any other city, and whether or not it was intended to be limited to the city of Evansville alone. It will be noted by careful reading of section 1 that the matter of establishing a port district under this law is complete within itself. The question of the advisability of establishing a port district under the law was not left to any such districts coterminus with the cities to which they might apply, to pass upon. Section 1 declares, "That port districts .* * * are hereby declared to be and are made port districts for port purposes"; from which it is adjudged, as a matter of law, that the act, if constitutional, created the port city of Evansville. Reasoning from former adjudicated cases by this court, much light is thrown upon the question concerning the limitation of population in designating the port cities declared to be port districts under this act, the limitation being more than 85,000 and less than 86,000 inhabitants. The spread in population in this act is much smaller in per cent. than the spread of population covered by the act providing for the extension of the corporation boundaries of cities, Acts 1903 p. 201, which was declared unconstitutional. The limited spread in population in the act before the court is one element, graphically expressed, which tends to and does limit the application of the act solely to the city of Evansville. *Town of Longview* v. *City of Crawfordsville* (1905), 164 Ind. 117, 73 N. E. 78, 68 L. R. A. 622, 3 Ann. Cas. 496; 1 Lewis' Sutherland, Statutory Construc-

tion, §201; *Commonwealth, ex rel.,* v. *Gumbert* (1917), 256 Pa. St. 531, 100 Atl. 990; *State* v. *Downs* (1899), 60 Kans. 788, 57 Pac. 962; *Campbell* v. *City of Indianapolis* (1900), 155 Ind. 186, 57 N. E. 920.

The limitation of this act to the city of Evansville is further fortified in section 4 by the language which limited the time for the appointment of the commissioners, to wit: "They shall be appointed not later than July 1, 1923, and assume office on the first day of July, 1923, and shall meet at the common council chamber of such city on said day." It is quite manifest from this language, when considered with section 1, that no city within the state which bordered on a navigable stream and which had a population of more than 85,000 and less than 86,000, was by said act declared to be and was made a port district for port purposes, except under the United States census of 1920. It appears from the part of the act quoted that it was the special intent of the legislature to create an act which would apply to but one city within the state at the time of its passage, and which could not, in the future, apply to any other city, although it might reach and come within the population limited thereby. *Commonwealth, ex rel.,* v. *Gumbert, supra.* Designating a certain city generally by virtue of a narrow limitation of population, without substantial distinction which will account for or justify the restriction, and which makes it absolutely certain but the one city of the state will come under the effect of the law, will be regarded as an arbitrary method to classify, which is not within either the letter or the spirit of the constitution, and a subterfuge to avoid the constitutional prohibition against special legislation. *Devine* v. *Com'rs of Cook County* (1877), 84 Ill. 590; *Groves* v. *County Court* (1896), 42 W. Va. 587, 26 S. E. 460. The law is general in form, but, whether a law general in form is,

in fact, general or special depends on its subject-matter, and not on the form it is made to take; and even though it is general in form, if, upon judicial investigation of its subject-matter, it is found to be local, the courts will not hesitate to so declare it; therefore the question whether a law general in form is general or special is a judicial one. *Bullock* v. *Robison* (1911), 176 Ind. 198, 203, 93 N. E. 998. The result of such legislation is identification, not classification. This act being limited in its application to one city, and it being not an act of classification but of identification, the court holds that it is a special act.

Without holding the law to be unconstitutional because it is a special law, does it create a corporation? The act reads (Sec. 1) "That port districts * * * are hereby declared to be and are made port districts, * * * co-extensive with the limits of said city, separate and distinct from the civil corporation of such cities, and shall be known and designated as the port city of ——————— (name of city)", which, in this case, is "the port city of Evansville." The act also clothes such entity, if it be an entity, with a perpetual board and form of government, with powers to acquire, by purchase or condemnation, lands, property, leases, etc., to exercise the right of eminent domain, which carries with it the right to sue, to levy and to collect assessments upon property for different purposes, to lay out, construct, etc., and operate sea walls, wharves, docks, etc., which carry therewith the right to contract, and, corollary thereto, the right to be sued, to issue bonds, and to levy taxes to raise revenue to pay such bonds, to levy taxes to raise revenue to carry out the purposes of the organization of the entity; that such port city shall be governed by a board having officers. The law provides for the creation of a thing complete within itself, which is sufficient proof that the thing

created was to be an entity. Any body of persons capable and acting as an entity under and by virtue of a name fixed by law, and having succession, is, in some sense, a corporation. 7 R. C. L. 28; *Hancock* v. *Louisville, etc., R. Co.* (1892), 145 U. S. 409, 12 Sup. Ct. 969, 36 L. Ed. 755; *Connell* v. *Woodard* (1841), 5 Howard (Miss.) 665, 37 Am. Dec. 173; *Louisville, etc., R. Co.* v. *Davidson County Court* (1854), 1 Sneed (Tenn.) 637, 62 Am. Dec. 424.

It has been held that a board liable as well as competent to be impleaded, to make contracts, hold property, make by-laws, and generally to do all necessary legal acts to properly carry into effect the intent and object of the law creating it, although the law does not in terms declare such board to be a corporation, is, however, made such by the powers conferred. *O'Leary* v. *Board of Commissioners* (1890), 79 Mich. 281, 44 N. W. 608, 7 L. R. A. 170, 19 Am. St. 169; *Gross* v. *Kentucky Board, etc.* (1899), 105 Ky. 840, 49 S. W. 458, 43 L. R. A. 703; *State* v. *Woram* (1843), 6 Hill (N. Y.) 33, 40 Am. Dec. 378.

No particular form of words is necessary to constitute a municipal corporation, though a particular form of words is generally used for such purpose. If 5. an act of a legislature confers special powers and privileges upon the residents or inhabitants of a particular district which cannot be exercised and enjoyed, and the purpose intended by the law carried into effect, without their acting in a corporate capacity, a corporation, to that extent, is created by implication. *Berlin* v. *Gorham* (1856), 34 N. H. 266; *Ex parte The Newport Marsh Trustees* (1848), 16 Sim. (39 Eng. Chancery Rep.) 345; 1 Dillon, Municipal Corporations (5th ed.) §64, pp. 118, 119.

Whether or not the law in question creates a corpo-

ration is one as to the intent of the legislature, and such intent can be•shown by implication as well as if

6. shown expressly. *Inhabitants* v. *Wood* (1816), 13 Mass. 193.

It is the substance and not the mere form given to the enactment which declares its constitutionality; that is to say, where there are no words in the act itself expressly stated that the entity created is a corporation, the question whether or not it is a corporation, is a legal one. *Ex parte The Newport Marsh Trustees, supra.*

By virtue of the foregoing authorities, the court holds that, in contemplation of law, the creation of such port city was, in effect, the creation of a corporation.

7. There is no pretense that it is a banking corporation, hence it comes within the prohibition of the Constitution, Art. 11, §13, which is that "Corporations other than banking shall not be created by special act, but may be formed under general laws." The act (Chapter 26, Acts 1923 p. 82) being special, and attempting to create a corporation in violation of Art. 11, §13, of the Constitution, is unconstitutional and void.

Primarily the act was not for the purpose of raising revenue, but to establish port cities. Taxation as provided in the act is but incidental to its real pur-

8. pose. The act is not violative of Art. 4, §17 of the Constitution.

The act under consideration does not come within any one of the seventeen particular instances enu-

9. merated in Art. 4, §22 of the Constitution, and is not violative thereof.

It is unnecessary to consider whether the act violates §23 of Art. 4 of the Constitution; for, if the act is held to be special, it matters not that it does not violate such section, if it creates a corporation.

The judgment of the trial court is reversed, and the cause remanded, with instructions to overrule appellees' demurrer to appellant's second amended complaint, and for further proceedings.