PERRY TOWNSHIP OF MARION COUNTY, INDIANA, ET AL. *v.* INDIANAPOLIS POWER & LIGHT COMPANY, ET AL.

[No. 28,124.   Filed January 10, 1946.   Rehearing Denied February 6, 1946.]

*Kivett, Chambers, Vernon & Kivett,* of Indianapolis, for appellants.

*Joe Rand Beckett,* and *Harvey J. Elam,* both of Indianapolis, and *George W. Henley,* of Bloomington, for appellees.

STARR, J.—On February 27, 1945, there was approved by the Governor an emergency bill which was adopted by the 84th General Assembly. This bill and the title thereto are in words and figures as follows:

"AN ACT to amend section 1 and to create and add a new section to be 2a of an act entitled "An Act regulating the abolishment of townships, re-establishing and changing their boundary lines and repealing all laws in conflict herewith, and declaring an emergency," approved February 13, 1943, and declaring an emergency.

(S. 64. Approved February 27, 1945.)

"SECTION 1. *Be it enacted by the General Assembly of the State of Indiana,* That section 1 of the above entitled act be amended to read as follows: Section 1. That no township or townships in any county in this state shall be abolished, or its present boundary lines in any way changed or altered unless a majority of the freeholders of the

township or townships affected thereby shall sign a petition requesting the board of county commissioners to order such change or abolishment: *Provided, however,* That in all townships where the boundary lines of a township or townships have been changed by the board of county commissioners, subsequent to the effective date of Chapter 79 of the Acts of the 1919 General Assembly, without a petition such as described above, such boundary lines are hereby restored and fixed as they existed at the time they were so changed: *Provided, however,* that any such township boundary lines which heretofore may have been changed by any board of county commissioners for the purpose of enabling any city or town to extend its corporate boundaries, shall not be restored under the provisions of this act: *Provided, further,* That no boundaries of an existing township shall be changed, and the area of no such township shall be changed, in such manner as to reduce its size, if the existing township or a new township created to contain a part of the area taken from it, will have a surface area of less than twenty-four square miles, except only as authorized by section 2 of this act: *Provided further,* That an appeal shall lie from the action of the board of commissioners in all such cases to the circuit court and the appeal shall be heard de novo in that court upon all questions presented, as to whether a sufficient petition has been filed, whether the new boundaries conform to the boundaries of congressional townships so far as it is practicable to do so, and whether the proposed subdivision or change of boundaries of an existing township or townships will result in reducing the size of any such township or the creation of a new township from part thereof that will contain a less area than is authorized by law, in violation of this act.

"SEC. 2. That the above entitled act also be amended by adding thereto a new section to be numbered 2a to read as follows: Sec. 2a. If any section, or part thereof, or any clause, sentence, paragraph or part of this act shall for any reason be adjudged by any court of competent jurisdiction to be unconstitutional or invalid for any other

reason, such judgment shall not affect, impair or invalidate the remainder of this act, or sections thereof, but shall be confined in its operation to the section, or part thereof, clause, sentence, paragraph or part thereof so adjudged to be unconstitutional or invalid for any reason.

"SEC. 3. Whereas an emergency exists for the immediate taking effect of this act, the same shall be in full force and effect from and after its passage." Acts 1945, ch. 55, p. 97.

Thereupon, the appellants brought this action seeking a declaratory judgment against the Indianapolis Power and Light Company and the other appellees including Decatur Township of Marion County.

The complaint alleges and the stipulation filed in the case admits that prior to November 3, 1933, the property of the said Indianapolis Power and Light Company described in appellants' complaint was located in said Decatur Township; but on said date the Board of Commissioners of Marion County, without a petition signed by a majority of the freeholders of said townships requesting said Board of Commissioners of Marion County to order such change, entered an order making the boundary line between said Perry and Decatur Townships the channel of White River, which change resulted in said property of said company being placed in Perry Township, where the same has remained at all times up to the adoption of said Acts of 1945 above set out.

The complaint asks the court to specifically declare that the first proviso of section 1 of said Acts of 1945 is void; that the said second proviso of said section 1 is void; that all of said act is void; that the present channel of White River is the boundary line between appellant Perry Township and the appellee Decatur Township in Marion County; and, that the property

of the appellee, Indianapolis Power and Light Company, described in said complaint, is located in said Perry Township and should be assessed and taxed as property in said township. All the evidence upon which the cause was submitted was stipulated. At the close of the trial the court found and adjudged that the act above set out, except said second proviso to said section 1, was in all things valid; and, that the first proviso of said section 1 of said section is applicable to the disputed boundary line between said Decatur and Perry Townships; and, that by said proviso the boundary line is fixed as it existed immediately prior to May 15, 1919, the same being the effective date of Chapter 79 of the Acts of 1919 of the General Assembly; and, that the property of the appellee, Indianapolis Power and Light Company, as described in the complaint is now, and has been since the approval of said Chapter 55, Acts of 1945, in said Decatur Township, and should be assessed and taxed in said township. The court further adjudged and decreed, that it was not required to and did not pass upon the constitutionality of the second proviso of said section 1 of said act.

We will consider the questions involved in the order presented by appellants in their brief.

Their first proposition is that the first and second provisos in said section 1 relate to changing township boundaries and is each a special law, and violates sections 22 and 23 of Article 4 of the Constitution of the State of Indiana. The pertinent portion of said section 22 of Article 4 is as follows:

"Local or special laws forbidden. The General Assembly shall not pass local or special laws, in any of the following enumerated cases, that is to say: . . .

"(10) Regulating county and township business";

Said section 23 of said Article 4 is as follows:

"Laws must be general.—In all the cases enumerated in the preceding Section, and in all other cases where a general law can be made applicable, all laws shall be general, and of uniform operation throughout the State."

We regard the second proviso of said section 1 which reads as follows:

*"Provided, however,* that any such township boundary lines which heretofore may have been changed by any board of county commissioners for the purpose of enabling any city or town to extend its corporate boundaries, shall not be restored under the provisions of this act";

as meaningless and void. There can be no situation where it is necessary for the board of county commissioners of a county to change a township boundary to enable a city or town to extend its corporate boundaries. It is our opinion that this void provision is surplusage and can be disregarded without changing the intent of the legislature or affecting the remainder of the statute, and no more will be said about the same. *Ettinger* v. *Studevent* (1942), 219 Ind. 406, 38 N. E. (2d) 1000.

The first proviso of said section 1 reads as follows:

"Provided, however, That in all townships where the boundary lines of a township or townships have been changed by the board of county commissioners, subsequent to the effective date of Chapter 79 of the Acts of the 1919 General Assembly, without a petition such as described above, such boundary lines are hereby restored and fixed as they existed at the time they were so changed:"

This proviso cannot be a special law and be valid, as "the matter of changing township boundaries may

properly be the subject of general laws." *Perry Civil Twp.* v. *Indianapolis Power & Light Co.* (1943), 222 Ind. 84, 51 N. E. (2d) 371. Is the setting apart by this proviso of all townships whose boundaries have been changed, subsequent to the effective date of Chapter 79 of the Acts of 1919 of the General Assembly, without a petition, a capricious or arbitrary classification making the law special, or is such classification "just and reasonable and based upon substantial distinctions germane to the subject matter and to the object to be obtained"? In discussing the rules to be considered in determining whether or not the classification is proper in any particular law, we quote from Horack's Sutherland Statutory Construction, (2d Ed.) § 2106:

> "At best the rules of classification are only useful guides for reaching a justifiable result with the least amount of effort. The courts have insisted on classifications that are 'natural' and not artificial. But, in a sense, to say that a class is 'natural' is of itself a *non sequitur*. Every classification is artificial. There are degrees of artificiality but nothing more. Every classification selects from the totality of objects those which have significance for the particular judgment the classifier has in mind. To declare that 'the legislature has merely recognized, not made, the classification' is misleading as it merely affirms the courts' agreement with the legislative classification. It must be remembered that naturalness and artificiality are only relative terms and are not absolutes.
>
> "Likewise, the assertion that the classification is 'reasonable' and founded on necessity, or that it is based on health, morals and welfare is chiefly argumentative. . . .
>
> "In demanding classification and not description the courts have analyzed numerical identification with a profundity which must have surprised, though pleased, the original draftsmen of the legislation."

This court has said, "that all reasonable presumptions must be indulged in favor of the validity of an act of the legislature, and it is only when its invalidity appears so clearly and palpably as to leave no room for a reasonable doubt that it violates some provision of the Constitution, that a court will refuse to affirm or sustain its validity." *Kraus* v. *Lehman* (1908), 170 Ind. 408, 83 N. E. 714, 84 N. E. 769. See also *Clare* v. *State* (1879), 68 Ind. 17; *The State* v. *Gerhardt* (1896), 145 Ind. 439, 44 N. E. 469; *Smith* v. *Indianapolis St. R. Co.* (1901), 158 Ind. 425, 63 N. E. 849.

Nevertheless, there are some well-defined rules for the determination of this question. Judge Fansler of this court, in describing a proper classification for cities based on population said, "It is well settled that the legislature may classify cities upon the basis of population for the purpose of applying methods of governmental organization, and that if the classification is such that the operation of the law will be the same in all parts of the state, under the same circumstances, the law will be considered general. But in such cases the classification must not be capricious or arbitrary, but must be just and reasonable, and based upon substantial distinctions germane to the subject matter and the object to be attained. The distinctions must involve something more than mere characteristics which will serve to divide or identify the class. There must be inherent differences in situation related to the subject matter of the legislation which require, necessitate or make expedient different or exclusive legislation with respect to the members of the class. The classification must embrace all who possess the attributes or characteristics which are the basis of the classification, and their difference from

those excluded must be substantial and related to the purpose of the legislation." *Heckler* v. *Conter* (1933), 206 Ind. 376, 187 N. E. 878. It must be borne in mind that classification is more than identification, as a classification to be proper must be of such a nature as to mark the objects classified as purely requiring exclusive legislation. *Town of Longview* v. *City of Crawfordsville* (1905), 164 Ind. 117, 73 N. E. 78. Where such a classification excludes from the objects classified, others differing in no material particular from those included in the class, the statute cannot be upheld. *State ex rel.* v. *Board, etc.* (1904), 162 Ind. 183, 70 N. E. 138.

"One of the cardinal rules, . . . relative to classification is—that if a state of facts can reasonably be conceived that would sustain the classification— the existence of that state of facts at the time the law was enacted must be assumed." *Bolivar Twp. Bd. of Fin. of Benton Co.* v. *Hawkins* (1934), 207 Ind. 171, 187, 191 N. E. 158. This same principle was stated in the same language in *Lindsley* v. *Natural Carbonic Gas Co.*, 220 U. S. 61, 78, 55 L. Ed. 369, 377.

From the organization of our state government down to the year 1919, township boundaries were fixed and changed under authority of general law by the boards of county commissioners of the various counties and had complete discretion in all cases. By Chapter 79 of the Acts of 1919, § 26-705, Burns' 1933, a new policy was created requiring a majority petition of freeholders as to all boundary changes of townships except townships containing some part of a city of at least 15,000 population by the last census, whose boundaries could continue to be changed without such petition. In 1939 the legislature made the requirement of a petition mandatory in all cases, Acts 1939, Ch. 49, p. 364; Acts

1939, Ch. 150, p. 708. But in the interim the Decatur-Perry boundary was changed by the Board of Commissioners of Marion County pursuant to the proviso in the above mentioned Acts of 1919.

To overturn the legislation now before us we must be able to say that the method by which boundaries were fixed and changed in townships like Decatur and Perry from 1919 to 1939, had no reasonable relation to the subject matter of the 1945 Act, establishing as of 1919 a uniform policy. While the classification is ingenious and unique, resolving the doubt, as we must, in favor of the legislation we do not believe it transcends constitutional limitations. We have no difficulty in conceiving that the purpose of this particular classification was to eliminate the discrimination and injustice which our lawmakers considered townships had suffered by reason of having had their boundaries changed without a petition signed by a majority of the freeholders of such townships affected. It can also be reasonably conceived that the effective date of Chapter 79 of the Acts of 1919 of the General Assembly, was selected as the date subsequent to which relief is to be given, because that was the date when uniformity of procedure as to changing the boundaries of townships was first departed from. No complaint can be made that the legislature has seen fit to limit the application of this legislation as respect to time, due to this assumed reason of the legislature for accepting such date. *Bolivar Twp. Bd. of Fin. of Benton Co.* v. *Hawkins, supra*; *Kassabaum, Admr.* v. *Bd. of Fin., Town of Lakeville* (1939), 215 Ind. 491, 20 N. E. (2d) 642.

Much has been made by the appellants of the contention that the proviso would apply only to Decatur

and Perry Townships in Marion County, citing among other cases in support thereof, *Fountain Park Co.* v. *Hensler* (1927), 199 Ind. 95, 155 N. E. 465; and *Rosencranz* v. *City of Evansville* (1924), 194 Ind. 499, 143 N. E. 593. We have examined the evidence in the case before us and nowhere is it disclosed how many townships throughout the state this proviso effects, or how large a class is included in the said proviso. This court cannot take judicial notice of changes in township boundaries where such changes are made by order of boards of county commissioners. *State ex rel.* v. *Wheaton* (1923), 193 Ind. 30, 138 N. E. 820; *Bragg* v. *The Board of Commissioners of Rush Co.* (1870), 34 Ind. 405; *State ex rel.* v. *Stevens* (1917), 63 Ind. App. 561, 114 N. E. 873; 31 C. J. S. Evidence, § 33d; *Hitch* v. *State* (1936), 210 Ind. 588, 4 N. E. (2d) 184; *Atkinson* v. *Mott* (1885), 102 Ind. 431, 26 N. E. 217; *State* v. *Wise* (1856), 7 Ind. 645.

The next proposition advanced by the appellants is that the said first proviso is void under the provision of section 19, Article 4 of our state Constitution. Section 19 of Article 4 of our state Constitution provides:

"Every act shall embrace but one subject and matters property connected therewith; which subject shall be expressed in the title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title."

Appellants argue that due to the fact that said first proviso is self-executing, that the same is not a regulation and is therefore not within the purview of the title. In our opinion this is too narrow a construction of the word "regulating," as the same is used in the title of this act. In

considering the constitutionality of a legislative act in reference to its title, a very liberal interpretation will be adopted rather than a critical construction calculated to defeat the act. *De Haven* v. *Municipal City of South Bend* (1937), 212 Ind. 194, 7 N. E. (2d) 184; *Ule* v. *State* (1935), 208 Ind. 255, 194 N. E. 140. The regulation could either be done directly or through some subordinate governmental agency. It would also seem to us that the words "re-establishing and changing their boundary lines" are sufficient to show that the title properly embraces said proviso.

Appellants' third proposition is that said proviso violates section 1 of Article 3 of the state Constitution separating the powers of government. Section 1, Article 3 of the Constitution provides:

"The powers of the Government are divided into three separate departments; the Legislative, the Executive, including the Administrative, and the Judicial; and no person, charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided."

It is true that ministerial boards, when they proceed according to the rules laid down by the legislature are acting in a ministerial and administrative capacity. *State Board of Medical Registration, etc.* v. *Scherer* (1943), 221 Ind. 92, 46 N. E. (2d) 602; *State ex rel. Sink* v. *Circuit Court of Cass County* (1938), 214 Ind. 323, 15 N. E. (2d) 624. But this principle has nothing to do with the fact that the re-establishing and changing of boundaries of governmental units are legislative functions. *Perry Civil Twp.* v. *Indianapolis Power & Light Co., supra*; *Stilz* v. *The City of Indianapolis* (1877), 55 Ind. 515, which the legislature may exercise directly or through its subordinate agent.

Appellants' fourth and last proposition is that the said proviso purports to amend a void act, it being the contention that this amendment has to do only with portions of section 1 of the original act approved February 13, 1943, which was heretofore declared invalid by this court in the case of *Perry Civil Twp.* v. *Indianapolis Power & Light Co., supra.* With this contention we cannot agree, as the law in question does not undertake to amend the invalid portion of said section 1, but only amends the valid portion of the said section.

Judgment Affirmed.

Richman J. concurs in the result.

Young C. J. not participating.

Note.—Reported in 64 N. E. (2d) 296.