GRAVES, ET AL. *v*. CITY OF MUNCIE, ET AL.

[No. 668S88. Filed December 15, 1970. No petition for rehearing filed.]

*Haggerty, Haggerty & Kias, Hamill & Price,* of Indianapolis, for appellants.

*Edward Dixon,* City Attorney, *Frank E. Gilkison, Jr., White, Haymond, Pierce, Beasley & Gilkison, Ralph E. Dennis, Jr., Dennis, Cross, Raisor & Jordan,* of Muncie, for appellees.

GIVAN, J.—The appellants brought an action against the appellees for permanent injunction and a restraining order to restrain and prohibit the defendants from administering the provisions of Chapter 141 of the Acts of 1963 which may be found in Burns Ind. Stat., 1963 Repl., §§ 48-6260 to 48-6285 as it applied to the Fire Department of the City of Muncie. The trial court denied the relief sought and the appellants appealed claiming as error that the decision of the trial court was contrary to law and that it was not sustained by sufficient evidence. Since the decision in this case was a negative one against the appellants who had the burden of proof, the grounds claiming insufficiency of the evidence present no question here. *Schuh* v. *State* (1968), 251 Ind. 403, 15 Ind. Dec. 667, 241 N. E. 2d 362; *Hinds* v. *McNair* (1955), 235 Ind. 34, 129 N. E. 2d 553.

Therefore, the only question before this Court is whether the decision of the trial court was contrary to law.

In the trial court the appellees challenged the right of appellants to maintain this action claiming that appellants had failed to show that any of their rights were impaired or prejudiced by the statute; that any rights affected by the statute are not personal rights. With this we cannot agree.

In the instant case the appellants possessed a sufficient property interest to bring the suit. As taxpayers of the City of Muncie they were directly involved since city expenditures were involved in administering the system. Burns Ind. Stat., 1963 Repl., § 48-6280.

As employees of the City they were directly involved under the act through tenure, seniority, work conditions, pensions, salaries and job assignments; therefore, the appellants had sufficient standing not only as being directly and individually affected, but also as taxpayers questioning the expenditures of public funds. *Ellingham* v. *Dye* (1912), 178 Ind. 336, 99 N. E. 1. Appeal dismissed by the Supreme Court of the United States. 231 U. S. 250, 58 Law Ed. 206, 34 S. Ct. 92.

Appellants challenged the constitutionality of the statute claiming that it is a special law rather than a general law, thus violating Section 22, Article 4 of the Indiana Constitution, the pertinent part of which reads as follows:

"The General Assembly shall not pass local or special laws, in any of the following enumerated cases, that is to say: . . ."

and is also violative of Section 23, Article 4, which provides:

"In all the cases enumerated in the preceding Section, and in all other cases where a general law can be made applicable, all laws shall be general, and of uniform operation throughout the State."

There is a long line of cases in this state holding that the court will not substitute its judgment for that of the legislature unless the classification challenged is manifestly ■ arbitrary and not based upon substantive distinctions. *Perry Township* v. *Indianapolis Power & Light Co.* (1946), 224 Ind. 59, 64 N. E. 2d 296. The Court will determine only whether the classification is founded upon the substantial distinctions in the subject matter. *Bally* v. *Guilford Twp.* (1954), 234 Ind. 273, 126 N. E. 2d 13.

The classification need not be scientific, consistent, logical or exact. *Evansville-Vanderburgh Levee Authority District* v. *Kamp* (1960), 240 Ind. 659, 168 N. E. 2d 208.

The statute involved in the case at bar provides for the establishment by referendum of a merit plan for police and fire departments. A commissioner is provided to administer such a plan including the selection, promotion and discipline of members in those departments. The title of the act reads as follows:

"An Act providing for a public referendum and establishing a merit plan for police and firemen in all cities of the second class located in counties having a population of not less than 110,000 inhabitants nor more than 120,000 inhabitants according to the last preceding United States decennial census, and prescribing penalties."

The categorization at the time of the passage of the act clearly isolated and identified only the City of Muncie, Indiana. Appellants argue that this statute could have no purpose other than to locally legislate for the City of Muncie. They further argue that it was improper to use a population standard as to the county when the governmental unit regulated was that of a city. They thus argue that the act is local and special legislation which violates the above sections of the Indiana Constitution. We disagree with appellants' contention.

A statute authorizing the creation of an authority, district or commission is not characterized as a local or special law simply because at the time of its enactment it applies but to one city. *Bailey* v. *Evansville-Vanderburgh Airport Authority District* (1960), 240 Ind. 401, 166 N. E. 2d 520. In that case this Court upheld a population classification in a statute providing for "not less than 150,000 and not more than 180,000" in a county "in which there is located a city having a population of more than 128,000." By its terms that statute only applied to the City of Evansville. At page 409 the Court quoted from a previous case which had stated:

" 'The Constitution does not require that the operation of a law shall be uniform, other than that its operation shall be the same in all parts of the State under the same circumstances.' *Bumb* v. *City of Evansville* (1907), 168 Ind. 272, 274, 80 N. E. 625."

This does not mean that every law passed by the legislature complies with the above sections of the Constitution merely because it is general in form. This Court stated in *Rosencranz* v. *City of Evansville* (1924), 194 Ind. 499, 502, 143 N. E. 593:

". . . whether a law general in form is, in fact, general or special depends on its subject-matter, and not on the form it is made to take; and even though it is general in form, if, upon judicial investigation of its subject-matter, it is found to be local, the courts will not hesitate to so declare it; . . . ."

However, we note a marked distinction between the cases where the attempted classification of cities has been held to be manifestly arbitrary and local in character and the case at bar. As was pointed out by Judge Jackson in *Bailey* v. *Evansville-Vanderburgh Airport Authority District, supra,* at pages 408 and 409:

"The Rosencranz case involved a population classification for cities from 85,000 to 86,000, and this court specifically observed that only the City of Evansville would ever come within the classification of the statute due to the insertion in the Act of certain mandatory dates at which time certain events were to take place under the terms of the Act. In *School City of Rushville* v. *Hayes* (1904), 162 Ind. 193, 70 N. E. 134, the court was confronted with a statute which applied only to towns having a population of not less than 4,540 and not more than 4,545, a population differential of five people. There is no similarity between the population classifications in the act here under consideration and the statutes in those cases, and they lend no support to appellant's contention here.

\* \* \*

"The classification here is reasonable. Any city and county in the State coming within the population limits as prescribed in the Act may avail themselves of its provisions."

The same reasoning applies in the case at bar. Here, as in *Bailey,* it appears that any city and county in the state coming within the limits prescribed in the statute may avail itself of the provisions therein. It is entirely possible that other counties will fall within the classification of the statute as the population grows. The voters of those counties may, if they choose, avail themselves of the provisions of the act. There is no mandatory cut-off time as in *Rosencranz.* We, therefore, hold that the act in question in this case is a general and not a special law and as such does not violate Section 22 and Section 23 of Article 4, of the Constitution of Indiana.

The judgment is, therefore, affirmed.

Hunter, C.J., Arterburn and DeBruler, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 264 N. E. 2d 607.