Harold STRUBE, Defendant-Appellant,

v.

Dale SUMNER, Plaintiff-Appellee.

No. 2–1077 A 408.

Court of Appeals of Indiana,
Fourth District.

Dec. 20, 1978.

John D. Blumenthal, Legal Services Organization of Indiana, Inc., Indianapolis, for defendant-appellant.

Donald K. McCart, Jr., Indianapolis, for plaintiff-appellee.

MEMORANDUM DECISION

CHIPMAN, Presiding Judge.

Defendant-appellant Harold Strube appeals the dismissal of his appeal from the Marion County Small Claims Court to the Marion County Superior Court. The record reveals that judgment was rendered against Strube in an action for damages arising from an automobile accident in the amount of One Thousand One Hundred Seventy-nine Dollars and four cents ($1,179.04) by the Marion County Small Claims Court and that he was unable[1] to post the appeal bond required under Marion County Small Claims Court Rule 16(B) [*Rule 16(B)*][2] which states:

> The appellant shall, except in cases where the same is dispensed with by law, file with the court a bond, with security to be approved by the judge, payable to the appellee, in a sum sufficient to secure the claim of the appellee and interests and costs, conditioned that he will prosecute his appeal to effect, and pay the judgment that may be rendered against him in the circuit court.

The sole issue presented in Strube's appeal to this court is whether *Rule 16(B)* which requires the posting of an appeal bond before an appeal can be perfected to the Circuit or Superior Courts of Marion County violates the equal protection clauses of the Indiana[3] and United States[4] Constitutions.[5]

The standard of review which we apply was enunciated by our Supreme Court in *Sidle v. Majors,* (1976) 264 Ind. 206, 341 N.E.2d 763, at 767:

> If neither a fundamental right nor a suspect classification is involved, the standard of review is that the classification not be arbitrary or unreasonable. *Dandridge v. Williams,* (1970) 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491, and that a "fair and substantial" relationship exist between the classification and the purpose of the legislation creating it. *Johnson v. Robison,* (1974) 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389; *Reed v. Reed,* (1971) 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225; *Rovster Guano Co. v. Virginia,* (1920) 253 U.S. 412, 40 S.Ct. 560, 64 L.Ed. 989. See also *Gunther, The Supreme Court,* 1971 Term, Forward: In Search of Evolving Doctrines of a Changing Court: A Model For a Newer Equal Protection, 86 Harv.L.Rev. 1 (1972).

In reviewing the constitutionality of a rule or statute we must exercise judicial self-restraint in order to avoid, under

---

1. The Small Claims Court set Strube's appeal bond at $1215.04. Strube apparently attempted to avoid posting this appeal bond by proceeding in forma pauperis and filing a verified motion which established that his sole source of income was $40.00 per week in unemployment compensation and that his wife and young child were totally dependent upon him for support.

2. *Rule 16(B)* was apparently adopted by the judges of the Marion County Circuit and Small Claims Courts pursuant to Ind.Code 33–11.6–4–5 (Supp.1977).

3. Article 1, § 12 of the Indiana Constitution provides: All courts shall be open; and every man, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay.

   Article I, § 23 of the Indiana Constitution provides: The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens.

4. The equal protection clause of the Fourteenth Amendment to the Constitution of the United States provides: All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

5. We stress at the outset that Strube attacks the constitutionality of *Rule 16(B)* on the ground that it discriminates against him in his de facto status as a member of the class of defendants in the Marion County Small Claims Court. Strube does *not* assert that the appeal bond rule discriminates against him on the basis of his alleged indigency.

the guise of limiting the legislature to its constitutional bounds, exceeding our own. We are not a "supreme legislature" nor do we have the right to substitute our convictions as to the desirability or wisdom of legislation for those of our elected representatives. We recognize that the legislature is vested with a wide latitude of discretion in determining public policy and, therefore, every statute stands before us with the presumption of constitutionality. In the deliberative process, the burden is upon the challenger to overcome such presumption, and all doubts are resolved against his charge. *Sidle,* 341 N.E.2d at 766.

■ Although conceding that he has no constitutional right to appeal, Strube presents essentially two arguments to establish that *Rule 16(B)* violates the equal protection clauses of the Indiana and United States Constitution:

(1) The constitutional validity of the statute[6] which created the Marion County Small Claims Court is dependent upon the existence of an unfettered right to de novo review in a court of record, and

(2) *Rule 16(B)* arbitrarily and capriciously creates a distinction between the class of appellants from the Marion County Small Claims Court, from whom an appeal bond is required, and the class of appellants from other courts, from whom an appeal bond is not required.

Strube reproduces the following quote from *Matter of Public Law No. 305 and Public Law No. 309,* (1975) 263 Ind. 506, 334 N.E.2d 659, as sole authority for the proposition that the "singularity" of the Marion County Small Claims Court can only be constitutionally justified on the ground that a trial de novo is automatically available to Marion County Small Claims litigants in the Marion Circuit or Superior Courts:

[The] existence of Public Law No. 313 [creating the Marion County Small

Claims Court] is a deviation from the legislative attempt at uniformity of small claims litigation. However, such deviation is constitutionally acceptable in that it does not confound the existing court system. The courts created by this act are not courts of record. Their decisions are subject to *de novo* review in the circuit and superior court of the county.

*Matter of Public Law,* 334 N.E.2d at 661. We can neither accept Strube's argument nor agree with his interpretation of *Matter of Public Law.* Suffice it for us to quote two sentences from *Matter of Public Law,* 334 N.E.2d at 661 regarding the Marion County Small Claims Court, Public Law No. 313, which Strube omitted in his brief:

Public Law No. 313 is mentioned here only because of a provision for the taking of judicial notice of ordinances. The court provided for in that Act is entirely different from the courts provided for in Public Laws 305 and 309, thus other questions and comments in this opinion are not addressed to Public Law No. 313.

■ We must also reject Strube's equal protection argument that *Rule 16(B)* is constitutionally invalid since it discriminates between Marion County Small Claims appellants and all other appellants in the State.[7] As stated by the United States Supreme Court in *Griffin v. County Sch. Bd. of Prince Edward Co.,* (1964) 377 U.S. 218, at 230, 84 S.Ct. 1226, at 1233, 12 L.Ed.2d 256:

[T]here is no rule that counties, as counties, must be treated alike; the Equal Protection Clause relates to equal protection of the laws "between persons as such rather than between areas." *Salsburg v. Maryland,* 346 U.S. 545, 551, 74 S.Ct. 280, 283, 98 L.Ed. 281 (1954). Indeed, showing that different persons are treated differently is not enough, without more, to show a denial of equal protection. *Kotch*

---

6. See Title 33, article 11.6 of the Indiana Code.

7. We have assumed that Strube is correct in concluding that *only* Marion County Small Claims appellants are required to post appeal bonds. Although the appellee in the case at bar does not contest the validity of this obser-

vation, we note that other Indiana courts not of record *may* have similar appeal bond provisions. Furthermore, we have found Ind.Code 23–2–1–20 (Supp.1977), which in fact *does* require the posting of an appeal bond.

v. Board of River Port Pilot Comm'rs, 330 U.S. 552, 556, 67 S.Ct. 910, 912, 91 L.Ed. 1093 (1947). It is the circumstances of each case which govern. Skinner v. Oklahoma ex rel. Williamson, 316 U.S. 535, 539–540, 62 S.Ct. 1110, 1112, 86 L.Ed. 1655 (1942).

See also Muzquiz v. City of San Antonio, (W.D.Tex.1974) 378 F.Supp. 949; Contractors Ass'n of Eastern Pa. v. Secretary of Labor, (E.D.Pa.1970) 311 F.Supp. 1002, aff'd 3 Cir., 442 F.2d 159, cert. denied 404 U.S. 854, 92 S.Ct. 98, 30 L.Ed.2d 95; Beckett v. School Board of Norfolk, Virginia, (E.D.Va. 1967) 269 F.Supp. 118; Mathis v. State of North Carolina, (M.D.N.C.1967) 266 F.Supp. 841; Rosenthal v. Hartnett, (1975) 36 N.Y.2d 269, 367 N.Y.S.2d 247, 326 N.E.2d 811; State v. Smith, (S.D.1974) 216 N.W.2d 149; Prince George's County v. McBride, (1973) 268 Md. 522, 302 A.2d 620; Wednesday Night, Inc. v. City of Fort Lauderdale, (Fla.1972) 272 So.2d 502; Young v. State, (1969) 283 Ala. 676, 220 So.2d 843; State v. Gamble Skogmo, Inc., (N.D.1966) 144 N.W.2d 749; State v. Johnson, (1966) 249 La. 950, 192 So.2d 135, cert. denied 388 U.S. 923, 87 S.Ct. 2144, 18 L.Ed.2d 1374; Hertel v. Racing Com'r Dept. of Agriculture, (1976) 68 Mich.App. 191, 242 N.W.2d 526; 16A C.J.S. Constitutional Law § 506 (1956); 5 I.L.E. Constitutional Law § 185 (1958). To accept Strube's argument would be not only to invalidate any law or rule of less-than-statewide uniformity, but also to constitutionally reject the entire statutory scheme which created the Marion County Small Claims Court. We cannot agree that rules or statutes of limited geographical applicability are automatically constitutionally void under the equal protection clauses merely because they are "different." As stated in State ex rel. Todd v. Hatcher, (1973) 158 Ind.App. 144, 301 N.E.2d 766, at 772:

> Appellant contends that the statute constitutes a denial of equal protection by reason of the fact that firemen in East Chicago and Gary are subject to a different disciplinary procedure than are firemen in cities elsewhere in the State.

This court may not substitute its judgment for that of the Legislature unless the classification provided in a law is manifestly arbitrary and not based upon substantial distinctions in its subject-matter. Graves v. City of Muncie (1970), 255 Ind. 360, 264 N.E.2d 607; Perry Tp. v. Indianapolis Power & Light Co. (1946), 224 Ind. 59, 64 N.E.2d 296.

In the case at bar, it is clear that at the time of the enactment of § 48–6249a et seq., supra, the provisions of § 48–6249h, supra, found applicability in only two cities.

The operation of a law need not be uniform. However, its operation must be the same throughout the State under like circumstances. Graves v. City of Muncie, supra; Bumb v. City of Evansville (1907), 168 Ind. 272, 80 N.E. 625.

Other cities in the State may, in time, meet the population requirements contained in § 48–6249a, supra, and thus be subject to the provisions of § 48–6249h, supra. The law treats equally all cities which fall within its well-defined scope and is not, therefore, unconstitutional as representing special legislation. See: Bailey v. Evansville-Vanderburgh A. A. Dist. (1960), 240 Ind. 401, 166 N.E.2d 520.

We conclude that total uniformity of laws throughout the state is neither desirable nor constitutionally mandated.

Equal protection of the law does not require that all persons shall have the right of a hearing or trial before the same tribunal, and in all the same tribunals, and have the same right of appeal from one to another. If it has any such interpretation, then the theory upon which our courts are constructed and given jurisdiction in various causes of action, the right of appeal given in some cases, in others not, and the jurisdiction of some courts made final in one class of cases and in others not, is all wrong, and our system of jurisprudence must fall; but that such is not the theory or interpretation to be given to section 1, art. 14, of the constitution of the United States is too clear to admit of argument or the citation of authority. In our system of jurisprudence

courts of different grades and jurisdictions are established, and an appeal is allowed from one to another only when the right of appeal is given by statutory enactment.

*Cleveland, C., C. & St. L. Ry. Co. v. Backus,* (1893) 133 Ind. 513, 33 N.E. 421, 426 *aff'd* 154 U.S. 439, 14 S.Ct. 1122, 38 L.Ed. 1041.

Furthermore, we can discern legitimate and reasonable interests which *Rule 16(B)* protects. First, we believe *Rule 16(B)* affords protection to the successful litigant and insures the recovery of his debt. The United States Supreme Court recently acknowledged this to be a reasonable basis in *Lindsey v. Normet,* (1972) 405 U.S. 56, at 77, 92 S.Ct. 862, at 876, 31 L.Ed.2d 36:

> [A] state may properly take steps to insure that an appellant post [*sic*] adequate security before an appeal to preserve the property at issue, [or] *to guard a damage award already made* . . . . (emphasis added)

Also, the mere fact that Marion is the most populous county in the state and logically, therefore, one of the most litigous, arguably justifies imposing an appeal bond which may tend to discourage patently insubstantial appeals.

Acknowledging that we may not declare laws unconstitutional merely because we find them undesirable or distasteful, we hold that *Rule 16(B)* does not violate the equal protection clauses of the Indiana and federal Constitutions.

MILLER and YOUNG, JJ., concur.