Leroy THOMAS, Jr., Appellant,

v.

STATE of Indiana, Appellee.

No. 1279S359.

Supreme Court of Indiana.

May 14, 1981.

F. Laurence Anderson, Jr., Gary, for appellant.

Linley E. Pearson, Atty. Gen., Jeff G. Fihn, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

A jury found appellant guilty of murder. He was sentenced to thirty years imprisonment. Appellant appeals. We affirm.

The record indicates that on June 23, 1978, appellant entered the office of an apartment complex and shot and killed James Smith, a maintenance man. Bernice White, a clerk, was present at the time of the shooting. Although Mrs. White was unable to see the appellant's face, she did see his clothing and could identify his physical characteristics. Acting on information supplied by the victim's wife, a police officer went to appellant's apartment and identified himself. Appellant stated he wouldn't leave the apartment until the press was there. Another police officer identified himself as a reporter. Appellant opened the door and stepped out of the apartment. *Miranda* rights were read to the appellant, and he was placed under arrest. The officer who had identified himself as a reporter saw a small caliber pistol lying on a table in the apartment. He seized the weapon which was later determined to be the gun from which the fatal bullet was fired.

Appellant first argues that the defense of insanity was established as a matter of law. He acknowledges that I.C. 35–41–4–1 [Burns Supp.1978] applies to this case. The statute requires one who pleads not guilty by reason of insanity to prove insanity by a preponderance of the evidence. The cases cited by appellant to support his argument were all decided under prior law which required the State to prove the defendant sane beyond a reasonable doubt once the defense of insanity was raised. Appellant also cites *Pilon v. Bordenkircher*, (1979) 444 U.S. 1, 100 S.Ct. 7, 62 L.Ed.2d 1, wherein the United States Supreme Court simply set forth the constitutional test for assessing sufficiency of the evidence to support a state court conviction. Under the test in *Pilon*, a conviction is supported by sufficient evidence if "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

After extensively reciting evidence from the record in this case, appellant concludes that from all the evidence and reasonable inferences therefrom, one could only conclude that the defendant was insane at the time of the alleged criminal act.

As to the evidence or lack of evidence on the issue of defendant's insanity, we first point out:

> "[w]here the party with the burden of proof suffers a negative judgment, a question on the evidence on which he has the burden of proof cannot be raised by an assignment of insufficiency of the evidence. *Graves v. City of Muncie,* (1970) 255 Ind. 360, 264 N.E.2d 607. Such a question must be raised on assignment that the verdict is contrary to law. *Graves, supra,* at 361, 264 N.E.2d 607, 608." *Price v. State,* (1980) Ind., 412 N.E.2d 783, 786.

Furthermore, a negative judgment will be reversed on appeal only where the evidence is without conflict and leads to but one conclusion. *Garbe v. Excel Mold, Inc.,* (1979) Ind.App., 397 N.E.2d 296. This Court has previously held where the defendant in a criminal case must prove insanity by a preponderance of the evidence, the foregoing rules concerning the appeal of negative judgments apply. *Price v. State, supra,* at 786.

In the case at bar, there was, in fact, conflicting evidence on the issue of insanity. Appellant's mother, sister and father all testified that he had mental problems. His sister stated she thought he was "sick and antisocial", but that neither she nor any member of the family had ever attempted to have defendant permanently committed even after he shot his mother.

Neither the State nor the defendant called a psychiatrist as a witness. The jury, however, heard testimony from two court-appointed psychiatrists. Both psychiatrists stated they believed appellant to be insane at the time he shot and killed Smith. However, cross-examination by the deputy-prosecutrix disclosed that Dr. Battican conducted two one-half hour interviews during which the defendant never spoke to him; nor did the Doctor conduct or cause to be conducted any physical or mental examinations. The Doctor's opinion was based solely on the medical records of appellant, an interview with appellant's family, and physical observation of appellant.

In cross-examination of the second psychiatrist, he testified that it would be important to determine what a subject was like before, during and after a criminal act to formulate a conclusion as to sanity, but further stated that he had no knowledge of what the defendant did twenty-four hours prior to and after the shooting and that he made no effort to discover these facts.

On the other hand, the prosecution did provide evidence from officers who were present when appellant was arrested, a short time after the shooting, concerning appellant's demeanor and his reactions to their questioning. From this evidence, the jury was justified in finding that the appellant was sane at the time of the occurrence.

Appellant also claims "there is no evidence which clearly shows that defendant performed the act involved in this alleged offense". Mrs. White testified that although she could not see appellant's face, "he was a negro male, light colored, weighing between 175 and 180 pounds, and wearing a golf cap and poplin jacket which were light in color". This matched the description of the defendant and the clothes he was wearing when he was arrested shortly after the incident. The State's ballistics expert testified that the bullet retrieved from the body of the victim had been fired from the gun which police seized from appellant's apartment when he was arrested. There is ample circumstantial evidence in this record to support the finding of guilty. *Ashbaugh v. State,* (1980) Ind., 400 N.E.2d 767; *Willard v. State,* (1980) Ind., 400 N.E.2d 151.

Appellant next claims that I.C. 35–5–2–1 is unconstitutional in that it unlawfully encroaches upon the defendant's lawful presumption of innocence and as such constitutes a violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The statute merely requires a defendant to give notice to the State of his intent to plead insanity as a defense. This type of notice statute has been upheld in the past by the United States Supreme Court and by the

Indiana Supreme Court. See *Williams v. Florida*, (1970) 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446; *State ex rel. Keller v. Criminal Ct. of Marion Cty.* (1974) Ind., 317 N.E.2d 433.

■ In reading appellant's entire argument addressed to this subject, we discover that he is attacking the constitutionality of I.C. 35–41–4–1 [Burns Supp.1978] in addition to, or rather than, his stated attack on I.C. 35–5–2–1. Specifically, appellant urges that placing the burden of proving insanity by a preponderance of the evidence on a defendant violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. We have had the occasion to uphold the constitutionality of this statute several times recently. See *Price v. State*, (1980) Ind., 412 N.E.2d 783; see also *Leland v. Oregon*, (1952) 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed.2d 1302.

■ Appellant claims the trial court erred in giving its preliminary instruction eight and in refusing to read defendant's tendered instruction number two. Instruction number eight informed the jury of its duty to judge the credibility of witnesses and to weigh their testimony. Appellant's instruction which was not given, covered the same issues. The refused instruction was adequately covered by the instruction given. Therefore, there is no error. *Gregory v. State*, (1980) Ind., 412 N.E.2d 744; *Richmond v. State*, (1979) Ind., 387 N.E.2d 1312; *Patterson v. State*, (1978) 267 Ind. 515, 371 N.E.2d 1309.

■ Appellant also claims that the court, by refusing the above instructions, failed to give an instruction covering the presumption of innocence. However, an examination of all of the instructions given clearly discloses the trial court did in fact give an instruction completely covering the question of presumption of innocence. Instructions are to be considered as a whole. *Porter v. State*, (1979) Ind., 391 N.E.2d 801; *Bobbitt v. State*, (1977) 266 Ind. 164, 361 N.E.2d 1193; *Brandon v. State*, (1979) Ind., 374 N.E.2d 504. Therefore, the presence of an adequate instruction on presumption of innocence discharges the trial court's duty in that regard.

■ Appellant next claims that the trial court erred in permitting Bernice White, the State's first witness, to testify over defendant's objection. The trial court had ordered separation of the witnesses; however, Mrs. White, in what appellant claims is a violation of that order, was present in the courtroom for about five minutes during the prosecution's opening statement before she was called as the first witness. When this was called to the court's attention, she was questioned. She stated that she had heard part of the prosecution's opening statement, including the mentioning of her name and the gist of her testimony. She further testified that the fact that she had heard what her proposed testimony would be would not affect her testimony in any way.

The rule in Indiana is that:

"[a] violation of an order separating witnesses does not automatically entitle a defendant to a mistrial or mandate a trial judge to refuse or strike the testimony. In the absence of any procurement or connivance by the party using the witness who has violated the order, it is well established that it is within the discretion of the court to permit the witness to testify. *Page v. State*, (1979) Ind., 395 N.E.2d 235, 238".

*See also*, F. Wiltrout, Indiana Practice § 1952 (1967) and 28 West's Indiana Law Encyclopedia § 43 (1960).

In the case at bar, there is no evidence that the State had colluded with the witness to violate the court order. Furthermore, it has been held to be prejudicial error "to refuse to permit such a witness to testify where the party calling the witness is not at fault for such violation". *Brannum v. State*, (1977) 267 Ind. 51, 56, 366 N.E.2d 1180, 1184; *McCoy v. State*, (1960) 241 Ind. 104, 170 N.E.2d 43. We hold the trial court did not abuse its discretion in allowing Bernice White to testify.

■ Appellant next claims the trial court erred in denying his motion to sup-

press and his motion for a mistrial. Both motions were premised upon what appellant perceived to be the improper use of his post-arrest silence and behavior. He claims there was a violation both of his *Miranda* rights and of his Fifth Amendment rights against self-incrimination. For his argument, appellant merely refers to pages in the record. This type of reference totally fails to comply with Appellate Rule 8.3(7) which states in part, as follows:

"The argument shall contain the contentions of the appellant with respect to the issues presented, the reasons in support of the contentions along with citations to the authorities, statutes and parts of the record relied upon, and a clear showing of how the issues and contentions in support thereof relate to the particular facts of the case under review.

 However, in view of the seriousness of the charge in this cause, the Court has on its own motion examined the record and finds no merit to such contentions. The only references in the record to appellant's silence were statements by police officers that he did not respond when they read him his *Miranda* rights and that they did not have any conversations with him other than the explanation of such rights.

Appellant cites the case of *Jones v. State*, (1976) 265 Ind. 447, 355 N.E.2d 402. In that case, this Court reversed a conviction because the prosecuting attorney repeatedly questioned the defendant about his failure to communicate his assertion of innocence to anyone other than his attorney. The case at bar has no such factual situation. The *Jones* case was based on *Doyle v. Ohio*, (1976) 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91. In *Doyle*, the Supreme Court of the United States held that "the use for impeachment purposes of petitioners' silence, at the time of arrest and after receiving *Miranda* warnings, violated the Due Process Clause of the Fourteenth Amendment". See *Doyle, supra*, at 619. In the case at bar, the appellant never took the stand. The only reference to conversations with him at the time of his arrest, in addition to those referred to above, were ques-

tions on rebuttal concerning the issue of insanity where his demeanor at the time of his arrest and during his custody was gone into in detail, not for the purpose of showing silence, but for the purpose of showing his mental attitude to demonstrate that he was reserved and quiet and not in a manic state. Clearly, the bringing out of such evidence did not cross the line into the type of questioning prohibited under *Doyle* and *Jones*.

 Appellant also claims that the trial court erred in allowing the State to introduce the murder weapon into evidence. At the time of appellant's arrest, police officers looked into appellant's apartment and saw the hand gun in plain view on a small table. Appellant relies on the case of *Dearing v. State*, (1948) 226 Ind. 273, 79 N.E.2d 535, in which this Court stated that a warrantless search could not be justified as a search incident to an arrest where the arrest was made solely upon the basis of what was discovered in the search. This is certainly not the situation in the case at bar.

In the case at bar, the officers were engaged in a lawful arrest and simply seized a weapon which was in plain view at the time.

The only other case cited by appellant to support this proposition is *Biggs v. State*, (1929) 201 Ind. 200, 167 N.E. 129. The *Biggs* case, in fact, supports the seizure of objects which are in plain view at the time an arrest is made. This Court has previously supported seizures such as made in the case at bar. See *Teague v. State*, (1978) Ind., 379 N.E.2d 418. We find no reversible error in this case.

The trial court is in all things affirmed.

All Justices concur.