272 So.2d 502 (1972)
WEDNESDAY NIGHT, INC., a Florida Corporation, D/B/a Bachelors III, Appellant,
v.
The CITY OF FORT LAUDERDALE and Broward County, Florida, Appellees.
No. 42305.
Supreme Court of Florida.
December 20, 1972.
Rehearing Denied February 23, 1973.
*503 Heiman & Crary, Miami, for appellant.
Dean Andrews and Ronald B. Sladon, Fort Lauderdale, for appellee City of Fort Lauderdale; John U. Lloyd, County Atty., and Alexander Cocalis, Asst. County Atty., for appellee Broward County.
ERVIN, Judge:
Appellant Wednesday Night, Inc., a Florida corporation doing business as Bachelors III, operates a nightclub which sells alcoholic beverages within the City of Fort Lauderdale. Appellant commenced this action against Appellee City of Fort Lauderdale (and the City moved for joinder of Broward County) seeking to enjoin enforcement of City Ordinance C-70-34 which fixes the hours for sale of alcoholic beverages on premises within the corporate limits of the City. The ordinance was adopted pursuant to the authority granted by F.S. Section 562.14(3), F.S.A. The Appellant's complaint specifically asserted the unconstitutionality of the statute and the ordinance.
The trial court entered a final judgment finding:
"Section 562.14, Florida Statutes [F.S.A.] and so much of Ordinance C-70-34 of the City of Fort Lauderdale as limits the hours of sale of alcoholic beverages, be and they are hereby declared to be valid, constitutional, and enforceable against the Plaintiff."
Appellant appealed that judgment here, and raises the following questions for decision:
1. Whether Section 562.14, F.S. [F.S.A.], contravenes the Federal and Florida constitutional guarantees of due process and equal protection of the laws.

*504 2. Whether ordinance No. C-70-34 of the City of Fort Lauderdale contravenes the due process and equal protection guarantees of the Florida and Federal constitutions.
3. Whether the statute constitutes an unlawful delegation of the powers of the Legislature.
4. Whether the statute is a special law enacted in violation of the strict limitations imposed on such statutes by the 1885 and 1968 constitutions.
5. Whether the statute violates the constitutional mandate to establish a uniform system of county and municipal government.
F.S. Section 562.14, F.S.A., reads as follows:
"562.14 Regulating the time for sale of alcoholic and intoxicating beverages; municipal and county regulations, etc. 
(1) No alcoholic beverages may be sold, consumed or served or permitted to be served or consumed, in any place holding a license under the division of beverage, between the hours of midnight and seven o'clock a.m. of the following day.
"(2) No intoxicating beverages may be sold, consumed or served or permitted to be served, or consumed, in any place holding a license under the division of beverage, between twelve o'clock midnight Saturday and seven o'clock a.m. Monday.
"(3) Incorporated municipalities may by ordinance independently regulate the hours of sale of alcoholic beverages within the corporate limits thereof, notwithstanding the provisions of this section. It shall be the duty of the sheriff, deputy sheriff and police officers of such municipality, and not the duty of the division of beverage, to enforce the hours of sale as regulated by any incorporated municipality. (Emphasis supplied.)
"(4) The board of county commissioners of any county of the state may, by resolution, independently regulate the hours of sale of alcoholic beverages within the territory of such county not included within any municipality notwithstanding the provisions of this section. It shall be the duty of the sheriff, deputy sheriff and police officers of such county, and not the duty of the division of beverage to enforce the hours of sale as regulated by such resolution.
"(5) Any person, firm or in case of a corporation, the officers, agents or employees thereof, violating any of the provisions of this section shall be guilty of a misdemeanor of the second degree, punishable as provided in § 775.082 or § 775.083.
"(6) Provided, however, that nothing contained in this section shall apply to beverages served upon any dining, club, parlor, buffet or observation car operated on any railroad, but such beverages may be sold only to passengers upon said cars and must be served for consumption thereon."
We have jurisdiction of the appeal because the trial court passed upon the validity of F.S. Section 562.14, F.S.A. We find that the five questions should be answered in the negative and affirm.
Even though other municipalities in close proximity to the City of Fort Lauderdale have established hours governing the sale of intoxicating beverages on premises that are different from those fixed by the City of Fort Lauderdale, this in nowise affects the validity of Section 562.14 or the City of Fort Lauderdale's ordinance. Pursuant to the delegated authority of the statute, the City may within its territorial jurisdiction prescribe by ordinance different hours of liquor sales from those fixed by other cities. As to local matters and subjects, local regulations and classifications applying within the territorial jurisdiction of the governmental unit may be enacted or adopted in the absence of controlling provisions of law to the contrary. F.S. Section 562.14(3), F.S.A. expressly *505 authorizes and delegates the power of municipal regulation of hours of liquor sales. Section 5, Article VIII, State Constitution, F.S.A., provides the sale of intoxicating liquors shall be regulated by law. Section 2(b), Article VIII, State Constitution, provides municipalities shall have governmental powers to enable them to conduct municipal government, "and may exercise any power for municipal purposes except as otherwise provided by law." Reference is made to § 152 and § 153 of 6 Fla.Jur., Constitutional Law, relating to delegation of regulatory power by the Legislature to municipalities. In this regard see particularly State v. A.C.L.R. Co., 56 Fla. 617, 47 So. 969, and Jacksonville v. Bowden, 67 Fla. 181, 64 So. 769.
Insofar as concerns equal protection, it is well settled that the Constitution of the United States does not prohibit legislation which is limited to the territory within which it is to operate. The constitutional guaranty of equal protection of laws does not require territorial uniformity. See Ocampo v. United States, 234 U.S. 91, 34 S.Ct. 712, 58 L.Ed. 1231, and McGowan v. Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393.
F.S. Section 562.14(3), F.S.A. is a general law relating to all municipalities. It has no features contravening the several prohibitions against certain special laws or general laws of local application appearing in Section 11 of Article III, State Constitution.
There is no mandate in the State Constitution to establish a uniform system of municipal government. Section 2, Article VIII, State Constitution. Section 562.14(3) is therefore not in contravention of any uniform system of municipal government.
Affirmed.
ROBERTS, C.J., and CARLTON, BOYD, McCAIN and DEKLE, JJ., and DREW, J. (Retired), concur.