The Honorable James Rider Sheriff, Glades County Post Office Box 39 Moore Haven, Florida 33471
Dear Sheriff Rider:
You ask substantially the following question:
Are county ordinances regarding the sale of alcohol enforceable by the sheriff on an Indian reservation?
In sum:
County ordinances regarding the sale of alcohol are enforceable by the sheriff on an Indian reservation.
The Brighton Seminole Reservation lies within Glades County. You state that with the recent expansion of the reservation's gaming operations, the casino now has a restaurant and liquor license. The state Division of Alcoholic Beverages and Tobacco has apparently informed the casino management that a Glades County ordinance governs the hours that the casino may sell liquor and that the sheriff's office maintains the responsibility for enforcing any violation of the county's ordinance regarding the sale of alcohol.
It is generally recognized that state laws do not apply to tribal Indians on Indian reservations unless Congress has granted such authority.[1] In Rice v. Rehner,[2] however, the United States Supreme Court determined that states may regulate liquor transactions on Indian reservations. In Rice, a federally licensed Indian trader who operated a general store on an Indian Reservation filed suit seeking a declaratory judgment that she did not need a state license in order to sell liquor for off- premises consumption. The District Court dismissed the suit, holding that respondent was required to have a state license under 18 United States Code section 1161.[3]
The Court of Appeals reversed, holding that state licensing and distribution jurisdiction were preempted. The United States Supreme Court reversed the Court of Appeals, holding that California could properly require the trader to obtain a state license in order to sell liquor for off-premises consumption.
The Rice Court set forth the test to determine when state regulation of activities in Indian country is preempted. Preemption occurs when application of state law either interferes with reservation self-government or impairs a right granted or reserved by federal law.[4] In determining whether application of state law would interfere with Indian self-government, the tradition of Indian sovereignty must be considered. If there is a tradition of Indian sovereignty in the area concerned, then an explicit statement from Congress providing that state law shall apply is usually required.[5] The Rice Court concluded, however, that "tradition simply has not recognized a sovereign immunity or inherent authority in favor of liquor regulation by Indians."[6]
The Court then considered whether state liquor licensing provisions were preempted by federal law. The Court held that, in enacting 18 United States Code section 1161, Congress intended to delegate both to the states and to the tribes its authority to regulate liquor transactions.[7] Section 1161 thus authorizes state regulation rather than preempting it, and the state could properly require tribe members to obtain a state liquor license.[8]
In Fort Belknap Indian Community v. Mazurek,[9] the Ninth Circuit Court of Appeal applied Rice's principle that states may regulate liquor transactions on Indian reservations, and concluded that the State of Montana could maintain criminal prosecutions of Indians in state courts for on-reservation liquor law violations. Thus, federal statutory and decisional law, rather than a preemption of state regulation of liquor transactions, expressly recognizes state sovereignty over Indians, tribes and others conducting such activities on reservations.
Title 18 United States Code section 1161 refers to "laws of the State" in which the act occurs. While county ordinances are generally considered to be local laws rather than state laws, it is clear that a county's authority to regulate the sale of alcoholic beverages within the county is derived from the state's power. Under the Twenty-first Amendment to the United States Constitution, a State has the power to prohibit the sale of alcoholic beverages within its boundaries or to regulate the times, places, and circumstances under which such beverages may be sold. As the court concluded in Silver Rose Entertainment, Inc. v.Clay County,[10] "[t]he Florida Constitution and the statutes . . . imbue the [county] with the state's full police powers, including those under the twenty-first amendment."
Section 125.01(1)(o), Florida Statutes, empowers the county governing body to "[e]stablish and enforce regulations for the sale of alcoholic beverages in the unincorporated areas of the county pursuant to general law." Section 562.14(1), Florida Statutes, of the state beverage laws states in pertinent part that "[e]xcept as otherwise provided by county or municipal ordinance, no alcoholic beverages may be sold, consumed, served, or permitted to be served or consumed in any place holding a license under the division between the hours of midnight and 7 a.m. of the following day." In addition, section 562.45(2)(a), Florida Statutes, provides in part:
"Nothing contained in the Beverage Law shall be construed to affect or impair the power or right of any county or incorporated municipality of the state to enact ordinances regulating the hours of business and location of place of business, and prescribing sanitary regulations therefor, of any licensee under the Beverage Law within the county or corporate limits of such municipality."
The courts have upheld this delegation to local governments of the state's authority to regulate the hours that a licensed establishment may permit the consumption of alcoholic beverages on its premises.[11]
Since the state's regulation of alcoholic beverages on Indian reservations is not preempted, and since the county's power to regulate alcoholic beverages is derived from the state, I am of the view that the term used in 18 United States Code section 1161 "laws of the State" is sufficiently broad to encompass county ordinances adopted pursuant to a delegation of state authority.[12] Accordingly, it is my opinion, until judicially determined otherwise, that county ordinances regarding the sale of alcohol are enforceable by the sheriff on an Indian reservation.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, e.g., McClanahan v. State Tax Commission of Arizona,411 U.S. 164 (1973). And see, Seminole Tribe of Florida v.Butterworth, 658 F.2d 310 (5th Cir. 1981), cert. den.,455 U.S. 1020, 102 S.Ct. 1717, 72 L.Ed.2d 138 (1982) (states lack jurisdiction over Indian reservation activity until granted such authority by the federal government).
[2] 463 U.S. 713, 103 S.Ct. 3291, 77 L.Ed.2d 961 (1983).
[3] See, 18 U.S.C.A. s. 1161 which provides:
"The provisions of sections 1154, 1156, 3113, 3488, and 3669, of this title, shall not apply within any area that is not Indian country, nor to any act or transaction within any area of Indian country provided such act or transaction is in conformity bothwith the laws of the State in which such act or transaction occurs
and with an ordinance duly adopted by the tribe having jurisdiction over such area of Indian country, certified by the Secretary of the Interior, and published in the Federal Register." (e.s.)
[4] Id. at 718, 103 S.Ct. at 3295, quoting, Mescalero ApacheTribe v. Jones, 411 U.S. 145, 148, 93 S.Ct. 1267, 1270,36 L.Ed.2d 114 (1973).
[5] 463 U.S. at 719-20, 103 S.Ct. at 3295-96.
[6] Id. at 722, 103 S.Ct. at 3297.
[7] 463 U.S. at 730-31, 103 S.Ct. at 3301-02.
[8] Id. at 734, 103 S.Ct. at 3303.
[9] 43 F.3d 428 (9th Cir. 1994).
[10] 646 So.2d 246, 250 (Fla. 1st DCA 1994), rev. den.,658 So.2d 992 (Fla. 1995), cert. den., 516 U.S. 932, 116 S.Ct. 339,133 L.Ed.2d 237 (1995). Cf., City of Daytona Beach v. Del Percio,476 So.2d 197, 201 (Fla. 1985).
[11] See, e.g., Patch Enterprises, Inc. v. McCall, 447 F. Supp. 1075
(M.D.Fla. 1978); Silver Rose Entertainment, Inc. v. ClayCounty, supra; Wednesday Night, Inc. v. City of Fort Lauderdale,272 So.2d 502 (Fla. 1972); Hardage v. City of Jacksonville Beach,399 So.2d 1077 (Fla. 1st DCA 1981), rev. den., 411 So.2d 382
(1981), upholding an ordinance banning the sale of alcoholic beverages on Sunday with certain exceptions. And see, City ofMiami Springs v. J.J.T., Inc., 437 So.2d 200 (Fla. 3d DCA 1983) (state beverage law was no impediment to city's enactment of ordinance prohibiting liquor licensee from serving liquor at same time sexual performances were occurring on premises).
[12] I would note that if it were determined that the county ordinance is unenforceable, the state statute prohibiting operation between midnight and 7 a.m. would apply. See, s.562.14(1), Fla. Stat., stating that "[e]xcept as otherwise provided by county or municipal ordinance, no alcoholic beverages may be sold, consumed, served, or permitted to be served or consumed in any place holding a license under the division between the hours of midnight and 7 a.m. of the following day."