**Richard E. MULLIS, Sr., d/b/a R.E.M. Builders, Appellant,**

**v.**

**Larry W. MARTIN, Appellee.**

**No. 32A04–9212–CV–444.**

Court of Appeals of Indiana, Fourth District.

June 21, 1993.

Richard E. Mullis, Sr., pro se.

CONOVER, Judge.

Defendant–Appellant Richard E. Mullis, Sr., d/b/a R.E.M. Builders appeals the small claims court's judgment in favor of Larry W. Martin on his claim for unpaid services.

Mullis has failed to present us with an appeal which can be meaningfully reviewed. His argument appears to proceed from two premises. First, he argues Martin should not have been allowed to bring this action. In support of this contention, Mullis includes in his brief a photocopy of an order from another court he did not present to the trial court. Second, Mullis argues the judge erred in finding he owed Martin wages.

From the trial court's judgment we learn the following facts: Until the first part of 1991, Martin operated an insulation business in Hendricks County, Indiana. He contracted with Mullis to install insulation in at least eight new homes Mullis was building, including one in Avon and one near Brownsburg. Martin completed the last two insulation jobs in October of 1990 and submitted the bills for his work to Mullis. Mullis never paid Martin in full for this insulation work. Once completed, Mullis sold the homes. Subsequently, Martin went out of business and filed for bankruptcy.

Martin filed a complaint against Mullis in the Hendricks County Small Claims Court, claiming Mullis owed him $2,378 for insulation work. At trial, Martin, proceeding *pro se*, testified he had completed the work he billed for and had asked Mullis for payment several times. Mullis, who was represented by counsel, testified he paid $1,000 on each job. He stated Martin never asked for the money. The court took the case under advisement.

Subsequently, the court granted Martin's request for a hearing to hear additional evidence. In the hearing, Mullis offered, as evidence of payment to Martin, photocopies of two checks from R.E.M. Builders made out to Martin and apparently cashed by him. Martin stated one of the checks represented partial payment for a truck sold by Martin's mother; he denied ever receiving the other check. The photocopies of the $1,000 check showed the date on the front side of check number 4704 appeared to be changed to 2–4–91 while the cancellation date on the reverse side showed Feb. 21, 1991. The date on the front of check number 4788 was 3–12–91 and the cancellation date on the back was March 18, 1991. The ledger of Mullis's check transactions showed the entries were not consecutively entered. The date for check 4704 appeared to have been altered, and the date for check 4788 (3–12–91) was entered after other checks dated later.

On August 21, 1992, the court entered its judgment. It found in favor of Martin and ordered Mullis to pay Martin $1,378 plus costs. This was the claimed amount due minus $1,000 which the court found Mullis had already paid to Martin. Mullis elects to appeal the judgment *pro se*.[1]

---

**1.** Martin chose not to file an appellee's brief. In cases where the appellee fails to file a brief, we have long applied a less stringent standard of review with respect to showings of reversible error. *Ligon Specialized Hauler, Inc. v. Hott* (1979), 179 Ind.App. 134, 384 N.E.2d 1071, 1073.

In our discretion we may reverse the trial court's decision if Mullis makes a *prima facie* showing of reversible error. *See Champion Home Builders Co. v. Potts* (1989), Ind.App., 538 N.E.2d 280, 281. *Prima facie* error is error appearing at first sight, on first appearance, or

The instant action is a small claims action. Small claims actions are designed to be informal and economical, thereby providing access to the court system to those persons who might otherwise be deterred. Ind.Rules of Procedure, Small Claims Rule 8(A); *Eichler v. Scott Pools, Inc.* (1987), Ind.App., 513 N.E.2d 665, 667. Trial rules govern small claims proceedings, but only to the extent they are not inconsistent with the Small Claims Rules. *Muenich v. Gulden* (1991), Ind.App., 579 N.E.2d 665, 666. If one of the parties elects to exercise his right of appeal, he must then accept the formality of rules of the Supreme Court and Court of Appeals for the submission and determination of appeals. *Billman v. Hensel* (1979), 181 Ind.App. 272, 391 N.E.2d 671.

While Mullis's brief reflects a subjective belief that he should not have to pay the judgment, it substantially fails to comply with appellate rules. We find no table of contents. His statement of the case includes only one date and no verbatim statement of the judgment. His statement of the facts is disjointed, incomplete, and without citation to the record. Ind. Appellate Rule 8.3. His issues are almost indecipherable. His arguments lack cogency, and there is little or no citation to authority. While we prefer to decide cases on the merits rather than on technicalities, we will deem alleged trial errors waived where appellant's noncompliance with the rules of procedure is so substantial it impedes our appellate consideration of the errors. *Nehi Beverage Co., Inc. of Indianapolis v. Petri* (1989), Ind.App., 537 N.E.2d 78, 81, *trans. denied.* Although Mullis represented himself, he is still held to the same established rules of procedure that a trained legal counsel is bound to follow. *Foster v. Adoption of Federspiel* (1990), Ind.App., 560 N.E.2d 691, 692. The purpose of App.R. 8.3 is to aid and expedite review and to relieve the appellate court of

the burden of searching the record and briefing the case. "We will not become an advocate for a party, nor will we address argument which is either inappropriate, too poorly developed, or improperly expressed to be understood." *Terpstra v. Farmers and Merchants Bank* (1985), Ind.App., 483 N.E.2d 749, 754, *trans. denied.* Since Mullis's non-compliance with the appellate rules substantially impedes us from reaching the merits of this appeal, we are compelled to find the issues raised are waived.

Affirmed.

MILLER and HOFFMAN, JJ., concur.

on the face of the argument. *Danov v. Color Tile, Inc.* (1991), Ind.App., 571 N.E.2d 327, 328, *reh. denied, trans. denied.* This rule is not for the benefit of the appellant. It was established for the protection of the court so the court might be relieved of the burden of controverting

the arguments advanced for a reversal where such burden rests upon the appellee. *Ligon Specialized Hauler, Inc.,* 384 N.E.2d at 1073. Application of the rule is discretionary and dependent upon the appellant having made a *prima facie* showing of error in his brief. *Id.*