Lisa MALONEY, Appellant–Plaintiff,

v.

Eric CLINE and Tiffany Cline,
Appellees–Defendants.

No. 49A02–9610–CV–679.

Court of Appeals of Indiana.

June 30, 1997.

Emerito Franco Upano, Greenwood, for Appellant–Plaintiff.

## OPINION

FRIEDLANDER, Judge.

Lisa Maloney appeals the granting of a motion to dismiss her cause of action against Eric and Tiffany Cline. The sole restated issue presented for review is whether the superior court erred in dismissing Maloney's cause of action without determining whether the Clines were required to file an appeal bond.

We affirm.

The facts most favorable to the judgment are that, prior to December 1995, Maloney filed a complaint against the Clines in the Marion County Small Claims Court. In December 1995, Maloney's motion for a default judgment was granted. The Clines filed a motion to set aside the default judgment, which was denied. On February 26, 1996, the Clines filed a notice to appeal to the Circuit or Superior Court of Marion County. On February 29, 1996, the judge of the Marion County Municipal Court (the court hearing the appeal) ordered the case to be replead in its entirety and did not require the Clines to provide an appeal bond. Specifically, the order stated that Maloney must replead her complaint within twenty days from the date of the order and failure to comply "will result in dismissal or default." *Record* at 20.

Maloney did not replead the complaint; rather, her attorney asked a municipal court clerk whether court rules mandated that the Clines file an appeal bond in conjunction with their appeal. The inquiry focused upon Rule 19(C) of the Rules of Practice and Procedure

of the Civil Divisions of the Municipal Courts of Marion County, which requires a party appealing from a Marion County Small Claims Court judgment to file an appeal bond. This rule was in effect when the Clines filed the notice of appeal.

The clerk informed Maloney's attorney that "the Judge said that he will clarify [the bond issue] and [the clerk] agreed ... that a Motion to Dismiss should be filed to determine if ... an appeal bond was still required." Appellant's Brief 4—5. In early March, Maloney filed a motion to dismiss Clines' appeal and a supplemental pleading on pending issues. Maloney argued that, *inter alia,* the appeal should be dismissed because the Clines failed to file an appeal bond.

On March 29, 1996 the Clines filed, *inter alia,* a motion to dismiss for failure to replead the complaint. Although not specifying the ground upon which he relied, on May 21, 1996 the superior court judge (same judge as municipal court but now a superior court through merger of the courts) granted the Clines' motion to dismiss. Thereafter, the court denied Maloney's motion to correct errors. This appeal ensued.

■ Generally, when reviewing a grant of a motion to dismiss, we concentrate on the complaint and all facts must be taken as true and every reasonable inference must be drawn in the plaintiff's favor. *Myers v. Moyars,* 667 N.E.2d 1120 (Ind.Ct.App.1996), *trans. denied.* In the instant case, however, the challenge is not to the sufficiency of the complaint; rather the dispute focuses on Maloney's failure to replead the complaint. As such, the trial court's judgment is sustainable based upon any theory or basis found in the record. *Id.*

Maloney argues that the trial court erred in dismissing her cause of action without determining whether the Clines were required to provide an appeal bond. The bond requirement, however, is of no matter when

reviewing the grant of the motion to dismiss in the instant case.

The dissent notes that Indiana courts have discussed the matter of small claims appellate procedure. Our supreme court has noted:

> [The] existence of Public Law No. 313 (creating Marion County Small Claims Court) is a deviation from the legislative attempt at uniformity of small claims litigation. However, such deviation is constitutionally acceptable in that it does not confound the existing court system. The courts created by this act are not courts of record. Their decisions are subject to de novo review in the circuit and superior court of the county.

*Strube v.Sumner,* 385 N.E.2d 948, 950 (Ind. Ct.App.1978), (citing *In Re Public Law No. 305 and Public Law No. 309 of the Indiana Acts of 1975,* (1975) 263 Ind. 506, 334 N.E.2d 659, 661). Further, in *Mullis v. Martin,* 615 N.E.2d 498 (Ind.Ct.App.1993), we held that when one party to a small claims action appeals, he must accept the formality of the rules of the Supreme Court and the Court of Appeals to govern that appeal. The dissent also acknowledges that Ind.Code Ann § 33–11.6–4–14 (West 1996) provides that "[a]ll appeals from judgments of the small claims court shall be taken to the superior court of the county 'and tried de novo.'" Op. at 556 n. 2 (citing I.C. § 33–11.6–4–14).

■ The dissent recognizes that "[i]t may well be that use of the phrase 'de novo' contemplates repleading the case even after an otherwise final judgment has been rendered." *Id.* We believe that the de novo standard not only contemplates repleading, but authorizes that litigation which reaches the appellate court, to in essence, begin anew in regards to the pleadings. Therefore, the reviewing court can require the complaint to be repled.

■ The court, pursuant to its authority, ordered Maloney to replead her complaint within a twenty-day period or risk dismissal.[1]

1. We disagree with the dissent's implication that the authority to order the repled complaint arises from the Rule 18 of the Marion County Rules of Practice and Procedure. The dissent is correct, such rule did not become effective until March 1, 1996. The appropriate authority arose from case law regarding the de novo standard of review afforded appeals from Marion County Small Claims judgments.

Maloney does not dispute that she was aware of this instruction. Further, she does not argue that the court lacks authority to issue the requirement. Maloney did not replead her complaint and the court dismissed the cause of action based upon this failure.

The trial court did not err.

Judgment affirmed.

BAKER, J., concurs.

SULLIVAN, J., dissents with separate opinion.

SULLIVAN, Judge, dissenting.

The Marion County Rules of Practice and Procedure, insofar as here concerned, and more particularly Rule 18 governing appeals from The Marion County Small Claims Courts, did not become effective until March 1, 1996. Until that time, such appeals were taken to the Marion Municipal Courts and were governed by the rules attributable to those courts. Rule 19(A) of the Rules of Practice and Procedure of the Civil Divisions of the Municipal Court of Marion County provided that cases coming from the Small Claims Courts "shall be considered at issue when received without the filing of an answer, and shall be placed upon the trial docket at the convenience of the Judge...." The parties, however, after a trial setting, were afforded an opportunity to file additional pleadings if they desired to do so. It was not contemplated that the trial court could or would, sua sponte, order repleading of the entire case pursuant to the rules of pleading in ordinary civil cases.

Furthermore, the rule required that an appellant from a Small Claims Court judgment file "a bond, with security to be approved by the Small Claims Court Judge, payable to the appellee, in a sum sufficient to

secure the claim of the appellee, interest and costs...." Rule 19(C)(2).

It is therefore clear that following filing of the appeal from Small Claims Court and until March 1, 1996, an appeal bond was required. In this instance, however, the small claims court apparently erroneously assumed that the new rules were already in effect and indicated to counsel for Maloney that an appeal bond would not be required. On February 29, 1996, still prior to the effective date of the new Rules, the trial court ordered a repleading of the plaintiff's claim. Counsel for Maloney had every reason to believe that the appeal had not been properly perfected without an appeal bond and that the order to replead was premature. In any event, Maloney's failure to replead could not be reasonably construed to be negligent or without good cause.

In this case, Maloney had a valid judgment in her favor. Although it was a default judgment, it was nevertheless valid and unless reversed upon review by the Marion County Municipal or Superior Court was entitled to be executed upon. Such scenario would seem to militate against a procedure which not only permits but requires the plaintiff to start all over again by filing a new complaint and process her suit as if it had never been filed in Small Claims Court.[2] One might argue with a degree of merit that the issue or issues before the court upon appeal from the Small Claims Court should be restricted to the matter of the default and entry of judgment thereon. However, the statute stating that the review is "de novo" may cast some doubt upon that interpretation.

To be sure, there has been no constitutional or other challenge to the validity of the new Marion County Rules governing "appeals" from the Small Claims Court. Only in Marion County are small claims heard by a separate Small Claims Court. In all other counties small claims are heard upon a separate docket in the Circuit or Superior Court.

---

**2.** I.C. 33–11.6–4–14, effective January 1, 1996, provides that all appeals from judgments of the small claims court shall be taken to the superior court of the county "and tried de novo". Prior to that time, such appeals were taken to the municipal court. It may well be that use of the

phrase "de novo" contemplates repleading the case even after an otherwise final judgment has been rendered. However, that issue may be the subject for future consideration at the trial level or upon appeal.

Only in Marion County are "appeals" from small claims judgments or decisions taken *de novo* to the Marion County Superior Court. In all other counties the appeal is taken to the Indiana Court of Appeals. *City of Dunkirk, Water & Sewage Dept. v. Hall* (1995) Ind., 657 N.E.2d 115.[3] The disparity with which parties to an appeal are treated is evidenced by the fact that in Marion County the matter is heard "de novo", while in all other appeals, the parties must "accept the formality of rules of the Supreme Court and Court of Appeals for the submission and determination of appeals." *Mullis v. Martin* (1993) Ind.App., 615 N.E.2d 498, 500. In any event, it is my view that the summary dismissal of Maloney's suit for failure to plead over, without consideration of the matter of an appeal bond and without consideration of the effective date of the repleading rule, was ill advised.

I would reverse and remand to the Marion Superior Court to reinstate the appeal by the Clines and for such further proceedings, including repleading[4], as may be indicated whether by the new rules of procedure or otherwise.

**3.** In *In Re Public Law No. 305 and Public Law No. 309 of the Indiana Acts of 1975* (1975) 263 Ind. 506, 334 N.E.2d 659, the issue was not before the court, but, in dictum, Chief Justice Givan opined that the disparate treatment of small claims matters between Marion County and all other counties was not an unconstitutional deviation from the otherwise legislatively declared desire to achieve uniformity in small claims litigation, "in that it does not confound the existing court system." 263 Ind. at 511, 334 N.E.2d 659. See *Strube v. Sumner* (1978) Ind. App., 385 N.E.2d 948. It may well be that full reconsideration of the issue, whether by our Supreme Court or by the General Assembly, could result in a modified procedure for small claims appeals from Marion County Small Claims Courts.

**4.** Appellant's brief recites that had Maloney been advised in writing or orally by the Marion Municipal or Superior Court that an appeal bond would not be required, she would have "gladly filed a repled complaint". App. Br. at 6. I would allow her to do so, if the trial court in its wisdom considers such repleading, under the circumstances, to be required.