Michael **MARTIN**, Appellant–Defendant,

v.

Kimberly **EGGMAN**, Appellee–Plaintiff.

No. 49A02–0203–CV–241.

Court of Appeals of Indiana.

Oct. 17, 2002.

Larry A. Yeager Indianapolis, IN, Attorney for Appellant.

## OPINION

ROBB, Judge.

Michael Martin appeals from the trial court's denial of his request for a jury trial on appeal to the Marion County Superior Court from a Marion County Small Claims Court decision. We reverse.

### Issue

Martin presents a single issue for our review, which we restate as follows: whether the trial court properly denied Martin's request for a jury trial.

### Facts and Procedural History

Martin and Kimberly Eggman's case was originally heard at a bench trial in Marion County Small Claims Court on May 7, 2001. On May 25, 2001, Martin appealed the small claims decision to the Marion County Superior Court. Pursuant to Marion County Superior Court Rule 81.1, the superior court ordered the cause of action to be repled in its entirety. Eggman timely filed her new complaint with the superior court on June 29, 2001, and Martin timely filed his answer on July 9, 2001. Martin included a demand for a jury trial with his answer. The superior court set the case for jury trial, scheduled to take place on August 13, 2002.

On January 25, 2002, Eggman filed an objection to Martin's demand for a jury trial. Martin responded to the objection. On February 7, 2002, relying upon Indiana Code section 33–11.6–4–10(b), the superior court issued an order sustaining Eggman's objection to Martin's demand for a jury trial and vacating the August 13, 2002,

jury trial date. On February 20, 2002, Martin filed a motion to reconsider, a motion for oral argument, and a motion for certification of interlocutory order. On February 21, 2002, the superior court denied Martin's motion to reconsider and his motion for oral argument, but certified the order for interlocutory appeal. On May 29, 2002, this court accepted jurisdiction by order.

### Discussion and Decision

#### I. Standard of Review

■ We note at the outset that Eggman has not filed an Appellee's Brief in this cause. When an appellee fails to submit a brief in accordance with our rules, we need not undertake the burden of developing an argument for the appellee. *Johnson Co. Rural Elec. Membership Corp. v. Burnell*, 484 N.E.2d 989, 991 (Ind. Ct.App.1985). Indiana courts have long applied a less stringent standard of review with respect to showings of reversible error when an appellee fails to file a brief. *Robinson v. Valladares*, 738 N.E.2d 278, 280 (Ind.Ct.App.2000). Thus, we may reverse the trial court if the appellant is able to establish prima facie error. *Jones v. Harner*, 684 N.E.2d 560, 562 (Ind.Ct.App. 1997). In this context, "prima facie" is defined as "at first sight, on first appearance, or on the face of it." *Johnson Co. Rural Elec.*, 484 N.E.2d at 991. However, when an appellant is unable to meet this burden, we will affirm. *Blair v. Emmert*, 495 N.E.2d 769, 771 (Ind.Ct.App.1986), *trans. denied.*

■ In determining whether a trial court has properly denied a request for a jury trial, we apply an abuse of discretion standard. *Smith v. Washington*, 716 N.E.2d 607, 617 (Ind.Ct.App.1999). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or when the court has misinterpreted the law. *Ashburn v. Ashburn*, 661 N.E.2d 39, 41 (Ind.Ct.App.1996).

#### II. Demand For A Jury Trial

■ This case addresses the interplay between various small claims court, superior court, and trial rules of procedure. The Marion County Small Claims Court follows its own local rule to determine whether a defendant waived his right to a jury trial. The relevant portion of the rule states:

> (b) The defendant in [a small claims] case waives the right to trial by jury unless the defendant requests a jury trial at least three (3) calendar days before the trial date appearing on the notice of claim filed in the small claims court. Upon the filing of a jury trial request, the small claims court shall transfer the claim to the superior court of the county in which the small claims court is located. . . .

Ind.Code § 33–11.6–4–10(b). However, once the small claims court decides a case and a defendant appeals the decision, a separate rule applies.

■ Indiana Code section 33–11.6–4–14 governs appeals from Marion County Small Claims Court to Marion County Superior Court. This rule states, "All appeals from judgments of the small claims court shall be taken to the superior court of the county and tried de novo." When a case is appealed from the small claims court to the superior court, the de novo standard not only contemplates repleading, but authorizes that litigation which reaches the superior court to, in essence, begin anew in regards to the pleadings. *Maloney v. Cline*, 682 N.E.2d 554, 555 (Ind.Ct. App.1997). Therefore, the superior court, although a reviewing court in this particular instance, may order a complaint to be repled in its entirety even after an otherwise final judgment from the Marion

County Small Claims Court has been rendered. *Id.*

In addition, Indiana Code section 33–11.6–4–14 states that rules of procedure for appeals from the small claims court must be in accordance with the rules established by the superior court. Marion County Superior Court Rule 81.1 is the established superior court rule. Rule 81.1 states, in relevant part:

> A. Issues. A cause of action which comes to the Marion Superior Court from the Small Claims Courts of Marion County for either jury trial or appeal shall be repled in its entirety commencing with the plaintiff below filing a new Complaint in compliance with the Indiana Rules of Trial Procedure.
>
> B. Procedure and Evidence. Any pleadings, motions or other procedural matters which are filed after the filing of the Complaint in the Marion County Superior Court will be governed by the Indiana Rules of Trial Procedure and the Marion County Superior Court Rules....

Marion Co. Civ. R.P. 81.1(A), (B).

 Trial Rule 38(B) of the Indiana Rules of Trial Procedure governs demands for a jury trial. *Scott v. Crussen*, 741 N.E.2d 743, 746 (Ind.Ct.App.2000). In a civil case, a demand for a jury trial must be made by the requesting party no later than ten days after the first responsive pleading is due. T.R. 38(B). This ten-day period applies whether the responsive pleading is mandatory or merely permissive. *Id.*; *Weber v. Costin*, 654 N.E.2d 1130, 1135 (Ind.Ct.App.1995). Consequently, the failure of a party to serve a demand as required by Trial Rule 38(B) constitutes a waiver of the party's right to a trial by jury. *Smith*, 716 N.E.2d at 616.

Martin contends that his request for a jury trial in the superior court was proper. Specifically, he argues that after the supe-

rior court ordered Eggman to replead her case, the case was to be considered de novo and governed by the Indiana Trial Rules of Procedure. Therefore, Martin contends he properly demanded a jury trial by filing his demand with his repled answer. We agree.

The Marion County Small Claims Court rule states that a jury trial must be requested at least three calendar days before the trial date appearing on the notice of claim filed in the small claims court, or else it is waived. Ind.Code § 33–11.6–4–10(b). When this case initially began in small claims court, this rule required Martin to request a jury trial three days before his small claims court bench trial was scheduled to commence. Martin failed to file a request for a jury trial with the small claims court, thereby waiving his right under the small claims court rule. However, once the Marion County Small Claims Court issued its decision and Martin appealed the decision to the Marion County Superior Court, the Marion County Small Claims Court rule governing appeals to the superior court took effect.

The Marion County Small Claims rule for appeals states that when a case is appealed from the small claims court to the superior court the case is tried de novo, with the pleadings essentially beginning anew, and is governed by the rules of the superior court. Ind.Code § 33–11.6–4–14; *Maloney*, 682 N.E.2d at 555. In this instance, Marion County Superior Court Rule 81.1 is the governing rule. Rule 81.1 states that any case on appeal from small claims court is to be repled in compliance with the Indiana Rules of Trial Procedure. It further states that "[a]ny pleadings, motions or *other procedural matters* which are filed after the filing of the Complaint ... will be governed by the Indiana Rules of Trial Procedure...."

Marion Co. Civ. R.P. 81.1(B)(emphasis added). Indiana Trial Rule 38(B) states that a demand for a jury trial must be made no later than ten days after the first responsive pleading is made. Here, both parties complied with the superior court rule by timely filing a new complaint and answer with the superior court. Martin included a demand for a jury trial with his answer, which he filed prior to the expiration of Indiana Trial Rule 38(B)'s ten-day deadline. Martin thus complied with Marion County Superior Court Rule 81.1 and Indiana Trial Rule 38(B). Therefore, he properly demanded a jury trial, and the trial court abused its discretion in denying his request.

### Conclusion

Although this clearly circumvents the small claims court time limit for requesting a jury trial, the Marion County Superior Court Rule states, without exception, that a case on appeal shall be repled in compliance with the Indiana Rules of Trial Procedure. Any pleadings, motions, or other procedural matters which are filed after the complaint are governed by the Marion County Superior Court Rules and the Indiana Rules of Trial Procedure. Martin's request for a jury trial complied with the Marion County Superior Court Rule and the Indiana Rules of Trial Procedure. Therefore, the trial court improperly denied Martin's request. Accordingly, the trial court's judgment is reversed, and we remand this case for a jury trial per Martin's request.

Reversed.

RILEY, J., and MATTINGLY–MAY, J., concur.