**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 31 2013, 9:35 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**THOMAS M. SLAATS**
Newburgh, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

THOMAS M. SLAATS,     )
    )
    Appellant,     )
    )
    vs.     )     No. 87A01-1210-DR-474
    )
SALLY E. SLAATS,     )
    )
    Appellees.     )

APPEAL FROM THE WARRICK SUPERIOR COURT
The Honorable Earl G. Penrod, Special Judge
Cause No. 87D01-0602-DR-74

**May 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Thomas M. Slaats (Father), pro se, appeals orders issued by the trial court regarding Father's obligation to reimburse Sally E. Slaats (Mother) for half of all agreed extracurricular activity fees. Father asserts eight issues on appeal. To the extent he challenges the February 23, 2012 order, we dismiss the appeal as untimely. With respect to issues related to the order of September 25, 2012, we find the issues waived.

We affirm.

Mother and Father were married in July 1997, and three children were born during the course of their marriage. Mother filed a petition for dissolution in February 2006. During mediation, the parties reached an agreed settlement. On May 8, 2006, the trial court dissolved the marriage and approved the Mediated Summary Final Decree of Dissolution of Marriage (the Decree). Of particular import to this appeal, the Decree provided in part:

> 4.      OTHER CHILD RELATED COSTS. Father and Mother shall equally split the cost(s) of work related childcare for the Children, the cost(s) of preschool…, *all agreed extracurricular activity fees*, school book fees, other school related fees and the cost of school supplies.

*Appendix* at 132 (emphasis supplied). The children were ages 4, 6, and 8 when the Decree was entered.

This case became exceedingly contentious beginning in the summer of 2009, with a flurry of generally meritless contempt petitions filed by Father.[1] Around this time, Father had a change in employment, resulting in substantially reduced earnings. On October 2, 2009, he filed a petition to modify child support. Following a hearing, the trial court

---

[1] By our count, Father filed at least fifteen contempt petitions against Mother from June 2009 to May 2011, upon which the trial court found only two minor instances of contempt.

modified/reduced Father's support obligation. Father appealed on several grounds, and another panel of this court affirmed the trial court's judgment by memorandum decision on September 26, 2011. *Slaats v. Slaats*, No. 87A01-1009-DR-523, *trans. denied*.

Beginning in July 2010, Father ceased paying any portion of the fees related to the children's extracurricular activities, indicating to Mother that he no longer agreed to these fees.[2] Father, however, expressed no disagreement with regard to the extracurricular activities in which the children were involved. Rather, he stated simply that he could no longer afford to pay for these activities.

On August 26 and December 2, 2011, the trial court heard evidence on, among other things, seven pending motions for contempt filed by Father, a petition to modify the Decree with respect to child care expenses filed by Father, and Mother's contempt petition in which she sought to recover Father's share of extracurricular activity fees incurred since July 2010. The trial court issued its findings, conclusions, and order on February 23, 2012 (the February 2012 order). Relevant to this appeal, the order provided:

> 10.      As to Mother's request for the Father to pay half of extracurricular activities, the Court finds that the Father shall be responsible for those expenses on Mother's Exhibit #2, to the extent those expenses are for present activities that the children were also participating in at the time the Mediated Final Decree was entered. Specifically, the Court finds that the Father is obligated to continue to pay one half of extracurricular expenses for activities the children participate in so long as those are activities in which the children were involved at the time of the Mediated Final Decree.
>           The Court rejects the Father's interpretation of the language in the

---

[2] Although the order is not included in the record, it is evident that a contempt order was issued in the spring of 2010 regarding Father's failure to pay extracurricular activity fees. In the instant action, Father acknowledges he owed Mother for fees up to that point but notes that he subsequently informed Mother that he would no longer agree to pay fees for these activities.

Mediated Final Decree…to mean that he has no obligation for extracurricular expenses unless he now agrees.  Contrary to Father's interpretation, "all agreed extracurricular activities fees" means that the extracurricular fees were agreed upon at the time of the entry of the Decree and it does not give the Father unilateral authority to withdraw or withhold his 'agreement' for any or all of the extracurricular fees.

Likewise, if the children were not participating in the particular activity at the time of the Mediated Final Decree, the Mother is not entitled to recover half of the fees from the Father.  If the Father wishes to be relieved of his obligation to pay agreed fees for extracurricular activities or if the Mother wishes to be reimbursed for extracurricular activity fees for activities in which the children were not involved at the time of the entry of the Mediated Final Decree, the party may file a Petition to Modify.  However, until such relief may be granted, the Father remains obligated to pay his share of the fees for extracurricular activities that the parties agreed upon at the time the Mediated Final Decree and in which the children continue to participate.

The Father is now ordered to pay within 90 days the amount of $3,540.18 after which the amount shall bear statutory interest of 8%.

*Appendix* at 41-42.  Father did not appeal the February 2012 order, nor did he file a timely motion to correct error.

Father filed a pro-se petition to modify the February 2012 order on April 2, which effectively amounted to an untimely motion to correct error.  *See* Ind. Trial Rule 59(C) (motion to correct error, if any, shall be filed not later than "30 days after the entry of final judgment is noted in the [CCS]").  In his petition, Father asked that the court rescind its award of $3540.18 to Mother because the activities related to these fees "were not a continuation of any activity the children were involved in nor participating in at the time of the Mediated Final Decree." *Id*. at 98.  On April 25, 2012, the trial court summarily denied Father's petition, as well as a competing petition filed by Mother.[3]  Father did not appeal.

---

[3]   This summary denial of both parties' motions to modify had the effect of leaving unchanged the February 2012 order.  Contrary to Father's assertion on appeal, the denial did not result in a denial of Mother's "right to

4

Thereafter, on May 30, 2012, Mother filed a petition for contempt against Father for failure to pay $3540.18 as required by the February 2012 order. She also alleged that Father had failed to pay his share of additional fees for extracurricular activities incurred since the order. The trial court held a hearing on August 17, 2012. At the hearing, the parties relitigated what the phrase "all agreed extracurricular activity fees" meant and discussed changed circumstances, and Mother indicated a willingness to have a cap placed on the yearly amount of these fees. On September 25, 2012, the trial court issued an order on Mother's contempt petition (the September 2012 order). The court found that Father had willfully violated without just cause the February 2012 order by not paying Mother $3540.18.[4] The court then went on to "clarify" paragraph 10 of the February 2012 order regarding fees for extracurricular activities. *Id*. at 46. The Court explained:

> The Court reiterates that the Father does not have the right to unilaterally withdraw or withhold his agreement for extracurricular activities and the resulting fees. In fact, in this case it is clear that the Father has agreed to extracurricular activities in that he is active with the children in some of those activities. The Father merely wishes to withhold his agreement to pay any portion of the associated fees. And as the Court found in the Order and reaffirms here, the Father does not have the right to unilaterally withdraw or withhold his agreement.
>     However, the Court concedes that the present arrangement in which the

---

collect on the judgment." *Appellant's Brief* at 23. The February 2012 order stood, and Father was required to pay the $3540.18 judgment.

[4]   With respect to these fees, the court observed:

> While those activities may not be exactly the same activities in which the children were involved at the time of the Mediated Final Decree, the activities are of like character but appropriately age adjusted. That is, the athletic and personal enrichment activities of children evolve somewhat as the children get older but the activities, if of sufficiently similar character, are to be considered continuing activities for which the Father remains obligated to pay his share of the expenses for those activities.

> *Id*. at 46.

Mother is permitted to arrange, without consulting the Father, extracurricular activities for the children so long as they are the same or of like character is unwieldy. Therefore, the Court will clarify [the February 2012 order] by noting that for the calendar year 2012 (and including December, 2011) and for each subsequent calendar year, the Father shall be obligated to pay one-half of the "agreed extracurricular fees" for the children up to $500.00 per child per year, so long as the activities are the same or of like character to those activities in which the children participated at the time of the Mediated Final Decree. The Mother shall submit an itemization to the Father on or before June 1 and December 31 each year after which the Father shall have 90 days to pay the amount due.

*Id*. at 47. Father now appeals.[5]

We initially observe that Father makes several arguments addressed to the February 2012 order, which provided that Father was to pay Mother $3540.18 within 90 days. Father did not timely appeal that order. Therefore, he cannot attack the February 2012 order in the instant appeal. *See* Ind. Appellate Rule 9(A)(5) (providing that unless a notice of appeal is timely filed, the right to appeal shall be forfeited). Mother was entitled to this sum, plus interest, and Father's belated attempt to appeal the February 2012 order is dismissed.

Turning to the September 2012 order, we observe that Father's fundamental misunderstanding of the appeals process is apparent in the following excerpt from his appellate brief:

The Appeals Court should undertake an independent review of the facts of the case as presented, and make an independent ruling based upon those facts, ignoring the findings of the Trial Judge in order to find a true and just assessment of the facts, the law, and a just result in favor of the Father and the Mediated Final Decree.

*Appellant's Brief* at 18-19. This is not our role as an appellate court.

---

[5] Mother did not file a brief in this appeal.

6

It is well established that pro se litigants are held to the same standards as trained legal counsel and are required to follow procedural rules. *See Whatley v. State*, 937 N.E.2d 1238 (Ind. Ct. App. 2010). Our appellate rules are not mere suggestions, and flagrant violations of our rules may result in waiver of the issues presented. *See Ramsey v. Review Bd. of Ind. Dep't of Workforce Dev.*, 789 N.E.2d 486, 487 (Ind. Ct. App. 2003) ("we will deem alleged errors waived where an appellant's noncompliance with the rules of appellate procedure is 'so substantial it impedes our appellate consideration of the errors'") (quoting *Mullis v. Martin*, 615 N.E.2d 498, 500 (Ind. Ct. App. 1993)). "We will not become an advocate for a party, nor will we address arguments which are either inappropriate, too poorly developed or improperly expressed to be understood." *Terpstra v. Farmers & Merchants Bank*, 483 N.E.2d 749, 754 (Ind. Ct. App. 1985), *trans. denied*.

While lengthy, Father's brief contains significant violations of Ind. Appellate Rule 46(A) and offers little assistance for our review of the September 2012 order. Of particular note, we observe that Father's statement of issues section reads more like a summary of the argument section and does not concisely and particularly set forth the issues for review. *See* App. R. 46(A)(4). The statement of facts section is improperly littered with argument and does not state the facts "in accordance with the standard of review appropriate to the judgment or order being appealed", in violation of App. R. 46(A)(6)(b). Further, the summary of argument section is anything but "a *succinct, clear*, and accurate statement of the arguments made in the body of the brief." App. R. 46(A)(7) (emphasis supplied).

Most limiting to our review is Father's wandering argument section. Father sets out

no standard of review for any of the eight issues he presents. *See* App. R. 46(A)(8)(b) (requiring "for each issue a concise statement of the applicable standard of review"). Further, despite ample relevant authority being available, he does not cite to any statutes or cases relevant to his arguments for reversal.[6] *See* App. R. 46(A)(8)(a) (requiring "cogent reasoning" and support for each contention with citations to "authorities, statutes, and the Appendix or parts of the Record on Appeal relied on").

In sum, we view Father's appellate brief as an invitation for us to narrow the issues and do the research for him. We decline. Father has provided us with no cogent argument or relevant authority in support of reversing the September 2012 order, which had the effect of modifying the existing child support provision regarding extracurricular activity fees.[7] Moreover, as set out above, Father cannot challenge the February 2012 order in this appeal.

Judgment affirmed.

ROBB, C.J., and CRONE, J., concur.

---

[6] Father does briefly direct us to the Restatement (Second) of Contracts and the Lexis Nexis Capsule Summary of Contracts, which have no bearing in this case. Contrary to Father's apparent belief, the parties cannot "rescind" the extracurricular provision in the Decree or the February 2012 order by agreement over email without seeking modification by the trial court. *Appellant's Brief* at 26.

[7] We direct Father to Ind. Code Ann. § 31-16-8-1(b)(1) (West, Westlaw current through P.L. 171 with effective dates through May 7, 2013), which provides for modification of a support order upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable.