## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 23 2015, 12:38 pm

*Kevin S. Smith*

CLERK

of the supreme court, court of appeals and tax court

ATTORNEY FOR APPELLANT

Gordon A. Etzler
Gordon A. Etzler & Associates, LLP
Valparaiso, Indiana

ATTORNEY FOR APPELLEE CITY OF VALPARAISO, INDIANA

Byron D. Knight
Knight, Hoppe, Kurnik & Knight, Ltd.
Schererville, Indiana
Rosemont, Illinois

ATTORNEYS FOR APPELLEE TRINITY LUTHERAN CHURCH OF VALPARAISO

Stephen A. Tyler
Alan M. Kus
Johnson & Bell, P.C.
Crown Point, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Margaret Gerovac,

*Appellant-Plaintiff,*

v.

City of Valparaiso, Indiana, and Trinity Lutheran Church of Valparaiso,

*Appellees-Defendants*

June 23, 2015

Court of Appeals Case No. 64A05-1404-PL-195

Appeal from the Porter Superior Court

The Honorable Mary R. Harper, Judge

Case No. 64D05-0904-PL-3700

**Crone, Judge.**

# Case Summary

Margaret Gerovac owned a home across an alley from Trinity Lutheran Church of Valparaiso ("the Church"). Gerovac's home flooded multiple times. She called the City of Valparaiso ("the City") for assistance in determining the cause of the flooding. Gerovac's flooding stopped after the City made improvements in the alley between Gerovac's home and the Church's property and the Church relocated its downspouts.

Gerovac filed a negligence claim against the City and the Church. The City and the Church each filed a motion for summary judgment, which the trial court granted. Gerovac appeals, arguing that the trial court erred in denying and granting various motions. In reading Gerovac's brief, we have encountered numerous violations of Indiana Appellate Rule 46(A), which have thwarted our ability to effectively review her claims. Therefore, we conclude that she has waived her claims, and we affirm the trial court's orders.

# Facts and Procedural History[1]

In 2005, Gerovac bought a Valparaiso home from the Church. An alley runs beside the home. The Church owns property on the other side of the alley. The City has combined sanitary and storm sewer lines that run under the alley.

---

[1] In violation of Appellate Rule 46(A), Gerovac's statement of the facts fails to provide citations to the record. Therefore, we recite the facts as provided by the City and the Church. We discuss Gerovac's violations in greater detail below.

Both Gerovac's home and the Church are connected to the City's sewer lines in the alley.

[4]    Between February 2005 and August 2008, Gerovac's basement flooded approximately five times. In 2006, Gerovac called the City to report flooding, but it could not determine the cause of the flooding. Gerovac hired a private plumber who used a camera to inspect her lines. He also was unable to determine the cause of the flooding but did verify that her lines to the City's sewer lines in the alley were not blocked.

[5]    In August 2008 after an extremely heavy rainfall, Gerovac's basement flooded, and she called the City again. An unidentified City worker told Gerovac that the Church had previously had two lines connected to the City's lines when only one line was permitted and the City had capped off one of the Church's lines.[2] The City inserted a camera into the main sewer line to Gerovac's home, which revealed that water was freely flowing between Gerovac's home and the City's sewer line and the line was not "capped" or otherwise blocked. City's App. at 55. The City used a vactor truck to clean the sewer lines. The vactor operator hit and broke a "cookie" at the end of one of the abandoned lines, which the City repaired. *Id*. at 145. The vactor truck found a restriction in one of the lines, which the City also repaired. *Id*. at 151. The City added piping to help water drain away from both Gerovac's and the Church's properties. *Id*. at

---

[2] Apparently, Gerovac may have believed that the City had mistakenly capped her line rather than one of the Church's.

147. The City also repaired a manhole cover in the alley that had been paved over but had nothing to do with Gerovac's flooding. *Id*. at 156.

[6] During the August 2008 investigation, the City discovered that the Church had underground downspouts connected directly to the City's sewer lines. At one time this was permissible, but the City had adopted an ordinance that now prohibited it. However, the City did not test sewer lines for such illegal hookups unless it was notified of a problem in a particular area. *Id*. at 159. The City informed the Church that it needed to disconnect its downspouts from the sewer lines. The Church relocated its downspouts. After the City's and the Church's actions, Gerovac did not experience any more flooding.

[7] In April 2009, Gerovac filed a negligence complaint against the City and the Church. Gerovac alleged that the City negligently permitted the Church's water to be unlawfully and negligently discharged onto the alley and negligently permitted the drainage pipes servicing Gerovac's property to be cut off or capped. *Id*. at 8. She also alleged that the Church had used a negligently designed and constructed drainage system such that the Church's surface water was not channeled to the City's public drainage system but was discharged onto the surface of the alley and flowed onto her property. *Id*. In January 2013, the City filed a motion for summary judgment ("City's summary judgment motion"), and in support thereof attached City Utilities Director Steve Poulos's affidavit. Appellant's App. at 41. In February, Gerovac filed a motion to strike Poulos's affidavit. *Id*. at 74.

In May 2013, Gerovac filed a motion for leave to amend complaint ("Gerovac's first motion to amend") but did not file her proposed amended complaint. *Id*. at 145. In July 2013, the City filed its response to Gerovac's first motion to amend ("City's first response"). Also that month, Gerovac filed a motion to strike the City's first response. *Id*. at 194-96. A hearing was held in September 2013, at which Gerovac presented her proposed amended complaint, and the trial court took Gerovac's first motion to amend under advisement. Later that month, Gerovac filed a supplemental argument to support her first motion to amend ("Gerovac's supplemental argument to amend") and her proposed amended complaint. *Id*. at 219. Also that month, the City filed a response to Gerovac's supplemental argument ("City's response to supplemental argument to amend"). *Id*. at 234. In October 2013, Gerovac filed a motion to strike the City's response to supplemental argument to amend. *Id*. at 249.[3]

In November 2013, the trial court issued an order (1) denying Gerovac's motions to strike the City's responses, (2) denying Gerovac's motion to strike Poulos's affidavit, and (3) denying Gerovac's first motion to amend. *Id*. at 5. Later that month, the trial court issued an order granting the City's summary judgment motion. *Id*. at 12. Gerovac filed a motion to correct error, which the trial court denied.

---

[3] In her appellant's brief, Gerovac fails to inform us that she filed a supplemental argument to amend, that the City filed a response to supplemental argument to amend, and that she filed a motion to strike the City's response to supplemental argument to amend. To be fair, the City also fails to provide this information in its appellee's brief.

In January 2014, Gerovac filed a second motion for leave to amend the complaint ("second motion to amend"). *Id*. at 263. Also in January, the Church filed a motion for summary judgment. *Id*. at 269. In support, the Church designated the deposition testimony of City Sewer Department Supervisor Charles Fitzgerald. In March 2014, Gerovac filed a motion to strike portions of Fitzgerald's testimony. *Id*. at 305. Also in March, the trial court denied Gerovac's second motion to amend. *Id*. at 22. In April 2014, the trial court denied Gerovac's motion to strike Fitzgerald's testimony and entered an order granting the Church's summary judgment motion. *Id*. at 23. This appeal ensued.

## Discussion and Decision

Gerovac argues that the trial court erred in (1) denying her motion to strike the City's first response to her first motion to amend, (2) denying her two motions for leave to amend complaint, (3) denying her motion to strike Poulos's affidavit, (4) granting the City's summary judgment motion, (5) denying her motion to strike Fitzgerald's testimony, and (5) granting the Church's summary judgment motion. However, Gerovac's appellant's brief fails to conform to several requirements set forth in Indiana Appellate Rule 46(A) that are essential to our review of the issues she raises. Her statement of the case, statement of the facts, and argument sections all violate that rule.

Appellate Rule 46(A)(5) requires that the statement of the case "briefly describe the nature of the case, the course of the proceedings relevant to the issues

presented for review and the disposition of these issues by the trial court or Administrative Agency. Page references to the Record on Appeal or Appendix are required in accordance with [Appellate] Rule 22(C)." Gerovac's statement of the case fails to briefly describe the nature of the case but instead provides two paragraphs of underlying facts before offering some procedural history.[4] More importantly, Gerovac's statement of the case does not provide even one citation to the record or appendix for the many motions and orders which must be considered to resolve the issues she raises.

[13] Appellate Rule 46(A)(6) provides that the statement of the facts "shall describe the facts relevant to the issues presented for review but need not repeat what is in the statement of the case." In her statement of the facts, Gerovac repeats, nearly verbatim, the procedural information in her statement of the case. More significantly, section (A)(6)(a) requires that the facts "be supported by page references to the Record on Appeal or Appendix in accordance with [Appellate] Rule 22(C)." Rule 22(C) provides, "Any factual statement *shall* be supported by a citation to the page where it appears in an Appendix, and if not contained in an Appendix, to the page it appears in the Transcript or exhibits." (Emphasis added.) Gerovac's five-page statement of the facts contains only three citations, all of which appear in the first paragraph. Given that her challenges to the trial court's rulings on two summary judgment motions rest in part on arguments

---

[4] The statement of the case in the City's appellee's brief also provides underlying facts and minimal procedural history. *See* Ind. Appellate Rule 46(B) (requiring that appellee's brief conform to section (A) of the rule).

that there are genuine issues of material fact, her challenges cannot be properly reviewed without citations to the Trial Rule 56(C) designated evidence.

[14] Appellate Rule 46(A)(8)(a) requires that the argument section "contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citation to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22." Overall, the issues raised by Gerovac are unsupported by little if any cogent reasoning. Although there are some citations to appellant's appendix, the overwhelming majority of statements of fact and references to motions and orders are unsupported by citation. Some citations to authorities are given, but the citations are offered without the necessary explanation as to their substance. For example, in her arguments pertaining to the trial court's denials of her motions to strike Poulos's affidavit and Fitzgerald's testimony, there are numerous citations to the Indiana Rules of Evidence, but there is no cogent argument regarding their applicability to the particular situation.

[15] Appellate Rule 46(A)(8)(b) requires that the argument section include "the applicable standard of review [and] a brief statement of the procedural and substantive facts necessary for consideration of the issues presented on appeal, including a statement of how the issues relevant to the appeal were raised and resolved by [the] trial court." Gerovac presents six issues, only one of which includes the applicable standard of review. None of the issues has a statement of the procedural and substantive facts necessary for the resolution of that issue,

and most do not set forth how the issue was raised and resolved in the trial court.

[16] Finally, Gerovac's appellant's appendix also violates our rules. Indiana Appellate Rule 50(A)(2)(f) requires that an appellant's appendix contain the pleadings and other documents necessary for resolution of the issues raised. Gerovac's appellant's appendix does not contain her complaint or her proposed amended complaint. In fact, even though she argues that the trial court erred in denying her two motions to amend complaint, she never shares with us the allegations in her complaint. She merely states that she "alleg[ed] several theories." Appellant's Br. at 2, 7.[5]

[17] "A brief is not to be a document thrown together without either organized thought or intelligent editing on the part of the brief-writer."[6] *Frith v. State*, 263 Ind. 100, 104, 325 N.E.2d 186, 189 (1975). "It is well settled that we will not consider an appellant's assertion on appeal when he has not presented cogent argument supported by authority and references to the record as required by the rules." *Thacker v. Wentzel*, 797 N.E.2d 342, 345 (Ind. Ct. App. 2003) (citing *Pitman v. Pitman*, 717 N.E.2d 627, 633 (Ind. Ct. App. 1999)).

---

[5] The City and the Church each provided a copy of Gerovac's complaint in their appellee's appendix.

[6] We also observe that Gerovac's appellant's brief appears to be in need of basic editing. Some of the sentences are difficult to understand. For example, Gerovac states, "At this hearing the City argued Gerovac argued claims not plead in her Complaint as she set forth in her Response to City's Motion for Summary Judgment." Appellant's Br. at 2.

> While we prefer to decide cases on the merits, we will deem alleged errors waived where an appellant's noncompliance with the rules of appellate procedure is "so substantial it impedes our appellate consideration of the errors." [*Mullins v. Martin*, 615 N.E.2d 498, 500 (Ind. Ct. App. 1993)]. The purpose of our appellate rules, Ind. Appellate Rule 46 in particular, is to aid and expedite review and to relieve the appellate court of the burden of searching the record and briefing the case. "We will not become an advocate for a party, nor will we address arguments which are either inappropriate, too poorly developed or improperly expressed to be understood." *Terpstra v. Farmers and Merchants Bank*, 483 N.E.2d 749, 754 (Ind. Ct. App. 1985), *trans. denied*.

*Ramsey v. Review Bd. of Indiana Dep't of Workforce Dev.*, 789 N.E.2d 486, 486 (Ind. Ct. App. 2003)).

[18] We are unable to determine the merits of Gerovac's claims because she has failed to support her arguments with cogent reasoning and adequate citations to the authorities and the appendix and has failed to present her statement of the case and statement of the facts in accordance with our appellate rules. Therefore, we reluctantly conclude that she has waived her claims, and we affirm the trial court's orders.

[19] Affirmed.

Pyle, J., concurs.

Brown, J., dissents with opinion.

| | |
|---|---|
| Margaret Gerovac, | Court of Appeals Case No. 64A05-1404-PL-195 |
| *Appellant-Plaintiff,* | |
| v. | |
| City of Valparaiso, Indiana, and Trinity Lutheran Church of Valparaiso, | |
| *Appellees-Defendants.* | |

### Brown, Judge, dissenting.

I respectfully dissent from the majority's conclusion that Gerovac's appeal should be dismissed. While not condoning the failings of her briefs, nor excusing her noncompliance with our rules, consideration of her claimed errors is not an impossible task. And while she may not succeed in obtaining a reversal on any of the issues complained of, this Court prefers to decide cases on their merits whenever possible. *Omni Insurance Group v. Lake Poage*, 966 N.E.2d 750, 753 (Ind. Ct. App. 2012), *trans. denied*. I am able to discern the essence of Gerovac's claims and would elect to consider the merits of this case.